**PEAT, MARWICK, MITCHELL & CO., Petitioner,**

v.

**The Honorable Lee R. WEST, Respondent.**

**PROFESSIONAL ASSET MANAGEMENT, Plaintiff,**

v.

**PENN SQUARE BANK, et al., Defendants.**

**No. 84–2304.**

United States Court of Appeals, Tenth Circuit.

Nov. 9, 1984.

Petition for Writ of Certiorari Dismissed Feb. 6, 1985. See 105 S.Ct. 983.

Before BARRETT, McKAY, and LOGAN, Circuit Judges.

PER CURIAM.

On May 25, 1983, the plaintiff served on defendant Peat, Marwick, Mitchell & Co. a request for production of documents. The request for production of documents included the following:

> 7. With respect to the conduct or preparation of any annual, quarterly, interim, or other compilation, review or audit by Peat, Marwick concerning Penn Square Bank:
>
>     *    *    *    *    * .    *
>
> ix. Any second partner review, office review or national office review of the working papers or other documents that are the subject of this request, including specifically any such review undertaken subsequent to July 5, 1982 ... (Plaintiff's First Request for Production of Documents, Peat, Marwick's Appendix I.)

Under the rules a response would have been due on June 25, 1983. Defendants obtained an extension to July 28, 1983. On that date it filed a response in which it objected generally that certain unspecified materials sought were subject to the attorney-client privilege, work product protection, or were in other protected categories. The relevant part of the brief two-page response reads:

> B. Defendants object to the production of any documents subject to the attorney-client privilege, which constitute work product of counsel, or which relate to internal self-evaluative reviews conducted subsequent to the audit examination of Penn Square Bank on the ground that such materials are not subject to discovery.

Nothing in the response identifies what these documents are.

On October 20, 1983, plaintiff sent a letter to Peat, Marwick, Mitchell & Co. notifying it that its response was insufficient under Rule 34 of the Rules of Civil Procedure and offering to discuss the matter in order to avoid resort to formal sanctions. On November 2, 1983, plaintiff sent a second letter requesting that Peat, Marwick, Mitchell & Co. specify the documents to which they raised the objections. A third letter notifying Peat, Marwick, Mitchell & Co. of its failure to make specifications was sent December 3, 1983, and stated that the plaintiff considered the failure to respond to all of these efforts a waiver of any objections that might, be made. On January 20, 1984, plaintiff filed its first motion to compel production of the documents requested in its June 25, 1983 request for production of documents. On February 6, 1984, in its response to the motion to compel production the defendant for the first time disclosed the existence of a "general counsel study." In the ensuing proceedings in the trial court the parties disputed whether Peat, Marwick, Mitchell & Co. had carried its burden under Rule 34, Federal Rules of Civil Procedure, to show that the disputed document was protected by the work product doctrine.

On May 18, 1984, the trial court granted the motion to compel production of the disputed document. The trial court's order in relevant part read:

> Such a response is entirely inadequate, especially in light of the fact that it was more than two months in coming. Federal Rule 34(b) requires that every response "state, *with respect to each item or category,* that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated. If objection is made to part of item or category, the part shall be specified." Federal Rule of Civil Pro-

cedure 34(b), (emphasis added). *See,* Advisory Committee Note to 1970 Amendment to Rule 34(b), 48 F.R.D. 487, 527 (1970); 8 C. Wright & A. Miller, *Federal Practice and Procedure* Section 2213 (1970 & Supp.1984). Moreover, the party interposing an objection has the burden of establishing its claim of privilege or protection; a baldfaced assertion is insufficient. *E.g., Biliske v. American Live Stock Insurance Co.,* 73 F.R.D. 124, 126 (W.D.Okla.1977). Here, the Peat, Marwick defendants' failure to comply with Rule 34 constitutes a waiver of any objection, and their failure to bring forward facts sufficient to establish their purported claims of privilege and protection renders their objections substantively inadequate.

After the trial court had ruled, defendant sought reconsideration or clarification of the trial court's order. On June 1, 1984, Peat, Marwick, Mitchell & Co. submitted for the first time an affidavit substantially identifying the disputed document and setting forth the circumstances which would support the claim of privilege. On July 10, 1984, the district court denied the motion for reconsideration and on September 4, 1984, denied the motion to clarify its May 18, 1984 order enforcing discovery. On September 24, 1984, Peat, Marwick, Mitchell & Co. filed in this court a petition for writ of mandamus requesting this court to order the trial court to reverse its order compelling discovery of the disputed document.

Our decision in this case is governed by the rules and standards set out in *Barclaysamerican Corporation v. Kane,* 746 F.2d 653 (10th Cir.1984). There we again made clear that "the party seeking to assert the attorney-client privilege or the work product doctrine as a bar to discovery has the burden of establishing that either or both is applicable." *Id.* at 656. We went on to indicate that "the burden was on petitioners to establish that a privilege clearly applied so that the right to the writ is clear and indisputable." *Id.* at 656.

The only significant factual difference between this case and *Barclaysamerican* is that here the failure to establish the applicability of the privilege went not to the merits but rather to whether petitioner made a timely showing that the privilege would have been applicable. In order to justify the issuance of a writ of mandamus, exceptional circumstances must be shown. We cannot say that when the trial court entered its order of May 18, 1984, ordering response to the request for production of documents, that petitioner had shown that the "privilege clearly applied" to the document here in dispute. A party seeking to assert the privilege must make a clear showing that it applies. Failure to do so is not excused because the document is later shown to be one which would have been privileged if a timely showing had been made. Even though it does not seem seriously disputed that the privilege would have attached if the objection had been timely and adequately asserted, that such a showing had not been made when the trial court was called upon to make its ruling defeats the privilege. It is not enough that a document would have been privileged if an adequate and timely showing had been made. The applicability of the privilege turns on the adequacy and timeliness of the showing as well as on the nature of the document. Under the circumstances, the showing of the extraordinary circumstances required for the issuance of a writ of mandamus has not been made. Accordingly, the petition for writ of mandamus is denied.