**RURAL WATER SYSTEMS INSURANCE BENEFIT TRUST, et al., Plaintiffs,**

v.

**GROUP INSURANCE ADMINISTRATORS, INC., Defendant,**

**and**

**Evanston Insurance Company, Garnishee.**

**No. 91–2471–GTV.**

United States District Court, D. Kansas.

Feb. 7, 1995.

Joseph R. Colantuono, Polsinelli, White, Vardeman & Shalton, Overland Park, KS, Richard H. Ralston, Lisa A. Weixelman, Linda C. McFee, Polsinelli, White, Vardeman & Shalton, Kansas City, MO, for plaintiffs.

Merle E. Parks, Evans & Mullinix, P.A., Kansas City, KS, Tory M. Bishop, Diana J. Vogt, Omaha, NE, for Garnishee.

### MEMORANDUM AND ORDER

NEWMAN, United States Magistrate Judge.

This matter is before the court on plaintiffs' Motion for Partial Reconsideration of Memorandum and Order entered September 23, 1994 (doc. 81). Garnishee Evanston Insurance Company ("Evanston") has filed a response. Plaintiffs have filed a reply.

On August 26, 1993, Evanston served its request for production of documents upon plaintiffs. Plaintiffs served their responses to the requests on October 14, 1993. As to certain requests, plaintiffs agreed to produce "all relevant and nonprivileged documents" at a mutually convenient time and place. As to the requests to which plaintiffs objected, the response was as follows:

> Objection. This request seeks to invade the attorney-client privilege and work product doctrine. Without waiving this objection, all relevant and nonprivileged documents will be produced at a mutually convenient time and place.

After several attempts to resolve the discovery disputes, plaintiffs filed a motion for protective order limiting the scope of discovery. Thereafter, Evanston filed a motion to compel discovery. By order dated September 23, 1994, the court denied plaintiffs' motion for protective order and granted Evanston's motion to compel. Plaintiffs have now filed a timely motion seeking reconsideration of that portion of the September 23, 1994, Memorandum and Order "overruling Rural Water's attorney-client privilege and work product privilege objections."

■ The Federal Rules of Civil Procedure do not provide for motions to reconsider, rather, they arise under D.Kan.Rule 206(f). Whether to grant or deny a motion for reconsideration is committed to the court's discretion. *Hancock v. City of Oklahoma City,* 857 F.2d 1394, 1395 (10th Cir. 1988). A motion to reconsider is appropriate if the court has obviously misapprehended a party's position, the facts, or the applicable law, or if the party produces new evidence that could not have been obtained through the exercise of due diligence. *Voelkel v. General Motors Corporation,* 846 F.Supp. 1482 (D.Kan.1994); *Major v. Benton,* 647 F.2d 110, 112 (10th Cir.1981). An additional factor considered by some courts is the need to prevent manifest injustice. *Zimmerman v. Sloss Equipment, Inc.,* 835 F.Supp. 1283 (D.Kan.1993). A motion to reconsider is not appropriate if the movant only wants the court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.), *cert. denied,* — U.S. —, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992). A party who fails to present its strongest case in the first instance is not entitled to a second chance in the form of a motion to reconsider. *Voelkel v. General Motors Corporation,* 846 F.Supp. 1482 (D.Kan.1994); *Renfro v. City of Emporia,* 732 F.Supp. 1116, 1117 (D.Kan. 1990). Improper use of the motion to reconsider "can waste judicial resources and obstruct the efficient administration of justice." *United States ex rel. Houck v. Folding Carton Administration Committee,* 121 F.R.D. 69, 71 (N.D.Ill.1988).

■ Plaintiffs contend that reconsideration of the court's order is required to prevent manifest injustice. The court held, in its September 23, 1994, Memorandum and Order, that plaintiffs had failed to carry their burden of persuasion establishing that certain discovery was protected by attorney-client privilege or work product protection. While plaintiffs suggest that the court held that they have waived these privileges, such construction would be erroneous. Waiver involves an intentional relinquishment of a right. Waiver was not in issue. The court simply denied the motion for protective order and granted the motion to compel discovery because plaintiffs failed to carry their burden

of proof on the objections raised to the submitted discovery.

In the first instance, plaintiffs argue that ordering production of the documents to which they claim a privilege is unjust because they asserted their objections to the requested discovery timely and their objections were similar to the objections raised by Evanston in response to discovery served upon it. The argument is without merit. The issue is not the sufficiency of the objection to discovery submitted but the failure to carry the burden of persuasion on the objection. The issue involved relates to plaintiffs' failure to provide adequate facts in support of the objection to permit the adverse party to evaluate the merits of the objection or to challenge it.

Plaintiffs contend that, as common practice, privilege logs are not provided until the requested documents are produced. This reasoning is also without merit. Common practice does not determine the court's procedures and practices. Whether one attorney or many attorneys disregard established law or procedures does not determine existing law. Established law is not obliterated because some parties fail to observe it. The court expects the parties to proceed in accordance with established law. The parties have a right to expect it of one another. A party proceeding otherwise does so at its peril.

Plaintiffs suggest that in focusing on the scope of discovery issues plaintiffs simply neglected to discuss this issue in their responsive brief to the motion to compel. The court, however, did not determine this issue solely on plaintiffs' failure to respond to the issue in their responsive brief. Rather, the court considered the conduct of plaintiffs throughout. The issue regarding the production of a privilege log was not new to plaintiffs in this case. Immediately following the service of answers to plaintiffs' discovery in this action, Evanston served a privilege log and produced the documents to which no privilege was claimed. It was after receipt of the privilege log by plaintiffs that plaintiffs responded to discovery served by Evanston. Notwithstanding plaintiffs' prior receipt of a privilege log, plaintiffs did not provide such a log. In fact, plaintiffs did not provide any documents, even the documents they had agreed to produce in their responses and to which they raised no objection.

Notwithstanding that plaintiffs filed a motion for protective order as to the scope of discovery and Evanston filed a motion to compel discovery, plaintiffs still did not serve a privilege log. During the intervening months while briefing the issues and awaiting the court's decision, plaintiffs did not serve a privilege log. Upon receipt of the court's order, plaintiffs still made no unconditional offer of a privilege log. Rather, plaintiffs suggested that they had no objection to preparing and producing such a log and suggested that the court should "alleviate the harsh result of a finding that Rural Water had inadvertently waived its attorney-client and work product privileges through failing to specify the particular documents for which these privileges are asserted," by permitting plaintiffs to now provide Evanston with a privilege log.

The court has great difficulty in accepting plaintiffs' argument of mere "inadvertence." The following statement from plaintiffs' reply memorandum perhaps more clearly captures the essence of plaintiffs' position throughout, as it has pertained to production of a privilege log:

> Moreover, due to the volume of Plaintiffs' documents, which were spread out over four states, and the burdensome task of compiling the privileged documents and preparing a privilege log, Plaintiffs **chose not to prepare a log until** resolution of the relevancy arguments and/or **an order of the Court to do so.**[1] (Emphasis added.)

Had the issue been burdensomeness, Fed. R.Civ.P. 26(c), the same rule that plaintiffs used to seek relief to limit the scope of discovery, was available to plaintiffs to protect them in this regard. Fed.R.Civ.P. 26(c) provides:

> Upon motion by a party ... from whom discovery is sought, and for good cause

---

1. Plaintiffs' Reply Memorandum to Opposition of Evanston to Motion for Reconsideration of Memorandum and Order Entered September 23, 1994, at 6.

shown, the court ... may make any order which justice requires to protect a party ... from ... undue burden or expense.

Plaintiffs' intent is further demonstrated by their failure to produce any documents, including those to which there was no dispute until entry of an order requiring them to do so. Plaintiffs will not be permitted to hide behind a claim of manifest injustice in order to effectuate their affirmative decision not to comply with established law until·receipt of a court order to do so.

By reply memorandum, plaintiffs attempt to mitigate the result of their strategy to discovery by blaming Evanston, claiming that Evanston did not specifically request, by letter, a privilege log to identify the withheld documents. This argument is specious. Evanston had every reason to believe that either the documents would be produced or a privilege log would be supplied. Neither were produced.

Plaintiffs further argue, by reply memorandum, that production of a privilege log attached to the reply has now cured any defect in plaintiffs' response. The production of the log is too late. The court has already ordered production of the documents. It was plaintiffs' burden to prove their privileges prior to the time that the court was asked to determine them. Production of a privilege log almost eleven months after the court was requested to determine the issue and after entry of the court's order directing production of the documents is untimely.

Finally, plaintiffs argue, by reply memorandum, that applicable law is not established and that *Barclaysamerican Corp. v. Kane*, 746 F.2d 653 (10th Cir.1984) and *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir.1984), cited by the court, are distinguishable. The court finds that these cases are directly on point. In *Peat, Marwick*, a request for production was served upon defendant who attempted to assert claims of privilege by generalized objections. The response served did not provide identification of the documents being withheld under the claimed privilege. Plaintiff, thereafter, filed a motion to compel production of the documents in issue. Again, no attempt to provide a privilege log was made

at that time. The court granted the motion to compel finding that the defendant had failed to meet its burden establishing its claim of privilege or protection. Defendant then filed a motion seeking reconsideration. It was upon the filing of this motion that defendant, for the first time, provided specific information as to the withheld document. The court denied the motion to reconsider and defendant filed a petition for writ of mandamus with the 10th Circuit Court of Appeals, requesting an order requiring the trial court to reverse its order compelling discovery of the disputed document. The 10th Circuit Court of Appeals denied the petition reasoning:

> The only significant factual difference between this case and Barclays-american is that here the failure to establish the applicability of the privilege went not to the merits but rather to whether petitioner made a timely showing that the privilege would have been applicable. In order to justify the issuance of a writ of mandamus, exceptional circumstances must be shown. We cannot say that when the trial court entered its order of May 18, 1984, ordering response to the request for production of documents, that petitioner had shown that the 'privilege clearly applied' to the document here in dispute. A party seeking to assert the privilege must make a clear showing that it applies. Failure to do so is not excused because the document is later shown to be one which would have been privileged if a timely showing had been made. Even though it does not seem seriously disputed that the privilege would have attached if the objection had been timely and adequately asserted, that such a showing had not been made when the trial court was called upon to make its ruling defeats the privilege. It is not enough that a document would have been privileged if an adequate and timely showing had been made. The applicability of the privilege turns on the adequacy and timeliness of the showing as well as on the nature of the document.

748 F.2d at 542.

Having considered all of the arguments of plaintiffs, the court is compelled to overrule

the motion for reconsideration. Plaintiffs are required to produce the requested documents within the possession, custody or control of plaintiffs. Plaintiffs are not required to produce documents generated after April 22, 1993, the date of the filing of this garnishment action, which contain communication between the attorney and client related to the prosecution of this garnishment action or which contain attorneys' mental impressions concerning the prosecution of this action, which documents would, under all circumstances, be protected from discovery in this action.

In summary, plaintiffs' Motion for Partial Reconsideration of Memorandum and Order entered September 23, 1994 (doc. 81) is overruled.

Copies of this order shall be mailed to all counsel of record for the parties.

IT IS SO ORDERED.