**Lewis P. CABOT and Daniel J. Quinn, Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**Nos. 92–315T, 92–457T.**

United States Court of Federal Claims.

April 15, 1996.*

---

* This order originally was not issued for publication. Defendant moved for publication. For good cause shown, the motion is granted and this order is reissued for publication as of May 6, 1996.

Richard d'A. Belin, Boston, Massachusetts, for plaintiffs.

Karin L. Moss, with whom were Loretta C. Argrett, Assistant Attorney General, and Mildred L. Seidman, Chief, Court of Federal Claims Section, Washington, DC, for defendant. Mary M. Abate, of counsel.

## ORDER

LYDON, Senior Judge:

The progress of this litigation as a whole has been marked by plaintiffs' delay in complying, or failure to comply, with the court's orders. Discovery, which closed on September 15, 1995, continues to be a source of contention between the parties. This order addresses defendant's February 28, 1996 Motion to Compel Production of Documents Withheld Under Claims of Attorney–Client Privilege or the Attorney Work Product Doctrine, and defendant's April 5, 1996 Motion for Suspension of Proceedings. Defendant seeks production of approximately 705 documents withheld by plaintiffs under claims of attorney-client privilege or the attorney work product doctrine. Defendant argues that these documents relate to the ultimate issue in this case, i.e., whether plaintiffs are "responsible persons" relative to the payment of $84,150.66 in FICA taxes due the Government by Rolair Systems, Inc. (Rolair), a company with which plaintiffs were associated during the tax year ending December 1984. Plaintiffs oppose this motion and maintain that the documents in question are protected "under long-standing principles of attorney-client privilege and attorney work product." Plaintiffs have requested oral argument, but the court deems it unnecessary.

## I

■ Both the attorney-client privilege and the work product doctrine limit the scope of discovery. The assertion of privileges is strictly construed because privileges impede full and free discovery of the truth. *Eureka Financial Corp. v. Hartford Accident & Indem. Co.*, 136 F.R.D. 179, 183 (E.D.Cal.1991). The burden of establishing the attorney-client privilege rests upon the party claiming privilege. *Fisher v. United States*, 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976). The court in *United States v. United Shoe Machinery Corp.*, 89 F.Supp. 357, 358–59 (D.Mass.1950), enunciated the requirements necessary to assert the attorney-client privilege as follows:

> The privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with the communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

The attorney-client privilege is triggered only by a client's request for legal, as contrasted with business, advice and is "limited to communications made to attorneys solely for the purpose of the corporation seeking legal advice and its counsel rendering it." *In re Grand Jury Subpoena Duces Tecum,* 731 F.2d 1032, 1037 (2d Cir.1984). Thus, information does not become privileged simply because it came from counsel, and when documents or conversations are created pursuant to business matters, they must be disclosed. *Allendale Mut. Ins. Co. v. Bull Data Systems, Inc.,* 152 F.R.D. 132, 137 (N.D.Ill. 1993).

▮ The attorney work product privilege attaches to documents prepared in anticipation of litigation for trial by a party or its representative. *Hickman v. Taylor,* 329 U.S. 495, 511–12, 67 S.Ct. 385, 393–94, 91 L.Ed. 451 (1947). "If the primary motivating purpose behind the creation of the document is not to assist in pending or impending litigation, then a finding that the document enjoys work product immunity is not mandated." *United States v. Gulf Oil Corp.,* 760 F.2d 292, 296 (Temp.Emer.Ct.App.1985).

## II

Through telephonic conferences, motions and orders, this court has attempted to provide the parties with clear guidelines for conducting discovery. Plaintiffs, however, continue to flout the court's orders pertaining to withholding documents on the basis of privilege. Defendant's motion to compel is simply a response to plaintiffs' continued unwillingness to set forth any justification for the asserted claims of privilege in clear contravention of prior orders of this court.

▮ The following statement from plaintiffs' Opposition to Defendant's Motion to Compel clearly captures the essence of plaintiffs' position throughout discovery:

Given the amount in controversy, plaintiffs have sought to approach discovery as economically as possible.... Obviously plaintiffs accomplish nothing if they win the case but expend more than the case is worth in legal fees and expenses of litigation. It is essential that the costs of discovery be kept in proportion to the amount in controversy.

If plaintiffs' concern had been burden or expense, RCFC 26(c) was available to plaintiffs to protect them in this regard. RCFC 26(c) provides:

Upon motion by a party ... from whom discovery is sought ... and for good cause shown, the court may make any order which justice requires to protect a party ... from ... undue burden or expense.

Although it may be time-consuming to assert the attorney-client or work product privilege in a document intensive litigation such as this case, plaintiffs have no excuse for failing to comply with this court's orders.

In its order of July 6, 1994, the court stated:

Plaintiffs must identify each and every document they claim is privileged and state fully and clearly the basis for the claim of privilege. The court, if necessary, will resolve all privilege questions. Plaintiffs cannot refuse to produce documentation *sua sponte* on the grounds of privilege....

Likewise, nearly ten months later, this court's order of May 3, 1995, stated: "For those documents that plaintiffs withheld claiming attorney-client privilege or attorney work product, plaintiffs must provide a brief statement and justification for the asserted claim." [1] The court gave plaintiffs similar instructions in a June 12, 1995 telephonic conference, during which plaintiffs' counsel assured the court that he understood and would comply with the court's orders. Nonetheless, plaintiffs have failed to so comply.

---

1. The court's guidelines for claiming privilege is similar to that of Fed.R.Civ.P. 26(b)(5) (a rule the Court of Federal Claims is considering adopting) which provides:

*Claims of Privilege or Protection of Trial Preparation Materials.* When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Procedural gamesmanship by a party or a party's attorney amounts to an intolerable abuse of the judicial process, a waste of the resources of the parties and the court, and justifiably can result in dismissal with prejudice. *Applegate v. United States,* 35 Fed.Cl. 47 (1996).

Plaintiffs argue that the documents in question are "plainly" or "obviously" protected by the attorney-client or work product privilege. Plaintiffs assert that many of the documents which form the basis of defendant's motion to compel are "internal" documents, many of which are from time periods either well before or well after the events in question. Plaintiffs essentially argue that because these documents are "internal" they are "plainly" or "obviously" privileged. But plaintiffs fail to cite any authority to support this proposition, which is inconsistent with the authority cited above, *supra,* § I.[2]

■ Plaintiffs apparently miss the point of defendant's motion to compel and the holdings of the cases cited therein. Defendant does not claim that no privilege may attach to any of the withheld documents; rather, defendant claims that plaintiffs' privilege logs are inadequate to show that any of the documents are subject to a claim of privilege. The court sees no reason to disagree with defendant. The burden of establishing privilege rests with plaintiffs, a burden they have not carried and a protective order based on privilege (unaccompanied by a formal request) is a naked offer that the court cannot entertain. Plaintiffs have failed to meet their burden of asserting in a proper and formal manner either privilege and therefore cannot use privilege to shield the documents from discovery.

The privilege logs provided to defendant are deemed inadequate and contrary to the unambiguous orders of this court. With re-

spect to documents held by John Poucher, plaintiffs submitted three separate privilege logs to defendant along with letters dated January 16, 23, and 31, 1995. In each letter, plaintiffs stated: "As to each of the documents listed in [each] privilege log, the attorney-client and/or work product privilege is claimed." The logs themselves do not indicate which privilege is asserted with respect to each document listed. Despite this court's order of nearly eleven months ago to "provide a brief statement and justification" for each asserted claim, plaintiffs have yet to provide any revised logs. Likewise, with respect to the documents held by Robert Birnbaum, the privilege log plaintiffs submitted inadequately asserts any privilege to justify the withholding of those documents. Consequently, plaintiffs have failed to satisfy their burden of demonstrating that the withheld documents are subject to either the attorney-client or work product privilege.

■ Plaintiffs now offer to file the withheld documents with the court for *in camera* inspection. But plaintiffs' offer at this juncture is untimely and the court declines to accept.[3] The applicability of a privilege "turns on the adequacy and timeliness of the showing as well as on the nature of the document," and a failure to make a clear showing that a privilege applies is "not excused because the document is later shown to be one which would have been privileged if a timely showing had been made." *Peat Marwick, Mitchell & Co. v. West,* 748 F.2d 540, 542 (10th Cir.1984), *cert. dismissed,* 469 U.S. 1199, 105 S.Ct. 983, 83 L.Ed.2d 984 (1985). Plaintiffs have voluntarily chosen not to comply with the court's orders. Consequently, plaintiffs' purported claims of privilege are deemed untimely and will not be entertained. The court's December 13, 1993 order directed the filing of pretrial submissions by Feb-

---

**2.** While plaintiffs in their brief in opposition assail defendant for filing a forty page brief in support of its Motion to Compel, they cite no authority at all in support of their opposition, nor do they attempt to distinguish any of the cases cited by defendant.

**3.** In its May 3, 1995 order, the court noted that it was prepared to conduct *in camera* inspection of any withheld documents if a formal and proper claim of privilege had been filed with the court.

Plaintiffs never made such a formal request for such an inspection. In any event, if the court were to accept this offer at this late date, plaintiffs still would be required to revise their privilege logs to comply with the court's prior orders, which plaintiffs have apparently been unwilling to do to this date and it is too late in the day to now commence compliance with pretrial directives issued about two years ago.

ruary 15, 1994. Defendant's unsuccessful discovery efforts have resulted in six extensions for submitting pretrial filings, the first granted over two years ago in the court's January 24, 1994 order. Now the court is confronted at this late date with another discovery related motion by defendant which seeks a forty-five day suspension of proceedings. The court will not further delay the progress of this litigation.

### III

 Defendant's motion to suspend proceedings notes that the Wyman, Bautzer documents, which were the subject of the court's February 5, 1996 order, were destroyed "by permission of the Court [Superior Court of the State of California, Los Angeles] having jurisdiction in the matter." It is fair to say that if plaintiffs had complied with the court's prior orders and had approached discovery with a more cooperative spirit, the documents most likely would not have been destroyed. In order to prevent any prejudice to defendant, at trial the court will permit defendant to make an offer of proof as to what the documents in question would establish if they were available as exhibits in this case. The court may draw adverse inferences from plaintiffs' failure to produce those documents. *See Interstate Circuit v. United States,* 306 U.S. 208, 225–26, 59 S.Ct. 467, 473–74, 83 L.Ed. 610 (1939).

### IV

For the reasons set forth above, defendant's motion to compel is granted. Plaintiffs are to produce in full, unredacted form, the withheld documents on or before **Wednesday, May 15, 1996.** No claim of privilege will be entertained relative thereto. If plaintiffs fail to comply, defendant, at trial, will be permitted to make an offer of proof as to what the documents in question would establish if they were available as exhibits. Adverse inferences may be drawn from plaintiffs failure to produce these documents. *See Interstate Circuit,* 306 U.S. at 225–26, 59 S.Ct. at 473–74. Plaintiffs are hereby directed to pay defendant its reasonable expenses related to the preparation of its February 28, 1996 motion to compel.

Defendant's motion for suspension of proceedings is denied. The court's February 28, 1996 order shall be amended to provide that "each party shall file its proposed pretrial findings of fact, pretrial brief, and witness lists on or before **Friday, June 14, 1996.** The parties' reply briefs shall be filed by **Monday, July 15, 1996.**"

No further discovery motions, claims of privilege or related pretrial motions shall be filed with the court. Trial shall commence on **Monday, September 9, 1996, at 10:00 a.m.,** at the United States Court of Federal Claims, National Courts Building, 717 Madison Place, N.W., Washington, D.C. **IT IS SO ORDERED.**