**Roberta E. SONNINO, M.D., Plaintiff,**

v.

**UNIVERSITY OF KANSAS HOSPITAL AUTHORITY, et al., Defendants.**

**Civ.A. No. 02–2576–KHV–DJW.**

United States District Court, D. Kansas.

June 22, 2004.

Alan R. Kabat, Gena Elyse Wiltsek, Lynne Ann Bernabei, Bernabei & Katz, PLLC, Washington, DC, Dennis E. Egan, Stephen J. Dennis, The Popham Law Firm, P.C., Kansas City, MO, for Plaintiff.

Douglas S. Laird, Patricia A. Sexton, Polsinelli Shalton & Welte, P.C., Kansas City, MO, John C. McFadden, Kansas City, KS, for Defendants.

### MEMORANDUM AND ORDER

WAXSE, United States Magistrate Judge.

Pending before the Court is the Motion for Reconsideration (doc. 202) filed by Defen-

dants University of Kansas Hospital Authority; H. William Barkman, Jr., M.D.; Irene Cumming; Robert Page–Adams; and Kurt Schropp, M.D. (collectively referred to as the "Hospital Defendants"). The Hospital Defendants seek reconsideration of various rulings contained in the Court's March 31, 2004 Memorandum and Order (doc. 193).

More specifically, the Hospital Defendants seek reconsideration of the Court's rulings granting the Motion to Compel as to Plaintiff's First Requests for Production No. 15, 28, 29, 30, 32, 35 and 36, and First Interrogatories No. 18 and 19. The Hospital Defendants also seek reconsideration of a portion of the Court's order to the extent the Court intended to prevent the Hospital Defendants from seeking judicial intervention regarding a protective order prohibiting the disclosure of certain confidential information. In addition, they seek reconsideration of that portion of the Order in which the Court ruled that many of the Hospital Defendants' objections to Plaintiff's discovery requests were not "substantially justified" and therefore concluded that Plaintiff was entitled to recover, pursuant to Federal Rule of Civil Procedure 37(a)(4)(C), a portion, if not all, of the reasonable expenses and attorney fees that Plaintiff incurred in bringing the Motion to Compel against the Hospital Defendants.[1]

### I. Standard for Ruling on a Motion for Reconsideration

Pursuant to D. Kan. Rule 7.3, motions seeking reconsideration of non-dispositive orders must be based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."[2] The decision whether to grant a motion to reconsider is committed to the court's sound discretion.[3]

---

[1]. The Court deferred ruling on the amount of fees and expenses to be awarded and set a schedule for Plaintiff to submit an affidavit itemizing the amount of fees and expenses incurred and for Defendants to respond. The Court has yet to issue a ruling regarding the amount of fees and expenses to be awarded.

[2]. The Tenth Circuit has adopted the same standard. *See, e.g., Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir.2000); *Brumark Corp. v. Samson Res. Corp.,* 57 F.3d 941, 944 (10th Cir.1995).

[3]. *Brumark,* 57 F.3d at 944; *Hancock v. City of Okla. City,* 857 F.2d 1394, 1395 (10th Cir.1988).

█ It is well settled that a motion to reconsider is not a second chance for the losing party to ask the Court to revisit issues already addressed or to consider new arguments and supporting facts that could have been presented originally.[4] Nor is a motion to reconsider to be used as "a second chance when a party has failed to present its strongest case in the first instance."[5] Reconsideration may, however, be appropriate "where the court has misapprehended the facts, a party's position, or the controlling law."[6]

## II. Analysis

### A. Qualified Immunity Objections

█ Dr. Barkman, Ms. Cumming, Mr. Page–Adams, and Dr. Schropp ("the Individual Hospital Defendants") objected to many of Plaintiff's discovery requests on the basis of qualified immunity. The Court overruled those objections because the Individual Hospital Defendants had never asserted the qualified immunity defense in a dispositive motion. The Individual Hospital Defendants argue in their Motion for Reconsideration that their qualified immunity objections were valid even though they never filed any dispositive motion asserting the defense. They contend it was clearly erroneous for the Court to overrule their objections and that reconsideration is necessary to prevent manifest injustice. In the alternative, they argue that even though their qualified immunity objections were overruled, they were nonetheless "substantially justified" and that no sanctions should be imposed based on their assertion of the qualified immunity objections.

The Individual Hospital Defendants served their responses to Plaintiff's discovery requests on June 13, 2003. They contend that they were precluded from filing a motion for summary judgment on qualified immunity grounds at that time because the Scheduling Order did not yet allow them to take depositions. They claim that "as a mat-

ter of strategy" they decided to put off filing a dispositive motion until they had completed Plaintiff's deposition so they would be in the best position to support their motion. They argue that it was not until the case was reassigned to the undersigned Magistrate Judge and a scheduling conference was held on October 29, 2003 that the parties were even permitted to move forward with depositions. The Individual Hospital Defendants and the other Defendants took Plaintiff's deposition on December 9, 2003, but did not complete it. They claim that, through no fault of their own, they have been unable to complete her deposition and have therefore been unable to file their dispositive motion asserting the defense of qualified immunity. Thus, they argue that the Court committed clear error when it overruled their qualified immunity objections on the basis that they had failed to bring the issue before the Court in a dispositive motion.

The Court disagrees. While the Individual Hospital Defendants may have been precluded from taking Plaintiff's depositions prior to the October 2003 Scheduling Conference, they had ample opportunity to take and complete her deposition in the six-month period following the Scheduling Conference and preceding the Court's March 31, 2004 Order partially granting Plaintiff's Motion to Compel. Their argument that they have been precluded from completing Plaintiff's deposition is simply unavailing. Moreover, they have never requested assistance from the Court in overcoming the issues that they claim have prevented them from completing Plaintiff's deposition.

Although this case has been on file for twenty months, the Individual Hospital Defendants have yet to complete Plaintiff's deposition or file a motion asserting qualified immunity. In short, the Court finds that the Individual Hospital Defendants have failed to take the necessary steps to bring the issue of

4. *Servants,* 204 F.3d at 1012; *Van Skiver v. U.S.,* 952 F.2d 1241, 1243 (10th Cir.1991); *Munjak v. Signator Investors, Inc.,* No. 02–2108–CM, 2004 WL 957898, at *1 (D.Kan. Jan. 9, 2004).

5. *Steinert v. Winn Group, Inc.,* No. 98–2564–CM, 2003 WL 23484638, at *2 (D. Kan. Sept. 24,

2003) (quoting *Prairie Band Potawatomi Nation v. Richards,* No. 99–4071–JAR, 2003 WL 21536881, at *1 (D.Kan. July 2, 2003)).

6. *Servants,* 204 F.3d at 1012.

qualified immunity before the Court for resolution. They are not entitled to an indefinite suspension of discovery merely because they have chosen as a matter of strategy to delay filing their dispositive motion until after completing Plaintiff's deposition.

Under these circumstances, the Court cannot conclude that its decision to overrule the Individual Hospital Defendants' assertion of qualified immunity was clearly erroneous or that it resulted in manifest injustice to any Defendant. The Court therefore does not find it necessary to reconsider its ruling on this issue.

As noted above, the Individual Hospital Defendants make the alternative request that the Court reconsider its ruling that their assertion of qualified immunity was not "substantially justified." The Court made that determination pursuant to Fed.R.Civ.P. 37(a)(4), which provides that the Court may consider whether the objections asserted were "substantially justified" in determining whether to award sanctions to the party bringing the motion to compel.

■ The Individual Hospital Defendants argue that in making this determination, the Court should have focused on the validity of the objections at the time they were initially asserted, i.e., on June 13, 2003. At that time, Defendants were not allowed to depose Plaintiff and were not able to file a dispositive motion based on qualified immunity. The Individual Hospital Defendants thus argue that their qualified immunity objections should be deemed "substantially justified" despite the fact that they never raised them in a dispositive motion.

The Court finds this argument persuasive. Although a court must determine whether an objection was "substantially justified" at the time it rules on the motion to compel, in this case, the Court finds that, based on all of the circumstances now described, it would be manifestly unjust to rule that the objections were not "substantially justified." Under these circumstances, the Court finds the assertion of the qualified immunity objections

to be "substantially justified" although not sufficient to cause the Court to reconsider its prior ruling overruling the objections. Upon reconsideration, the Court therefore determines that the Individual Hospital Defendants' assertion of qualified immunity objections was substantially justified, and those objections will not be considered in the Court's award of sanctions under Fed. R.Civ.P. 37(a)(4)(C).

**B. Attorney–Client Privilege and Work Product Immunity—First Requests No. 29 & 30 and First Interrogatory No. 18**

The Hospital Defendants seek reconsideration of the Court's rulings regarding First Requests for Production No. 29 and 30. They assert that the Court erroneously held that they had waived the right to assert attorney-client privilege and work product immunity by failing to assert those privileges in their initial responses to those requests. The Hospital Defendants also seek reconsideration of the Court's ruling that their privilege/work product objections were not "substantially justified" and therefore support an award of sanctions. The University of Kansas Hospital Authority ("the Hospital Authority") seeks reconsideration of the Court's rulings with respect to First Interrogatory No. 18,[7] and asserts the same arguments as the Hospital Defendants.

*1. First Request No. 29*

First Request No. 29 sought all documents that relate to or concern the decision to report Plaintiff to the National Practitioner's Data Bank ("Data Bank") in November 2002, including all documents relating to the reasons or justifications for the decision and all documents that Defendants submitted to the Data Bank. The Hospital Defendants responded to the request by stating: "The plaintiff is referred to the Sonnino Fair Hearing Notebooks described in the response to Interrogatory Number 3 in Plaintiff's First Set of Interrogatories to Defendant Hospital Authority." The Hospital Defendants later supplemented their re-

7. Plaintiff served interrogatories only on the Hospital Authority and none of the Individual Hospital Defendants.

sponse and referred Plaintiff to several additional documents. In their supplemental response they stated they were "not withholding any non-privileged documents that it [sic] has located or is aware of based upon any objections."

In their response to the Motion to Compel, the Hospital Defendants did not expressly assert attorney-client privilege or work product immunity, nor did they direct the Court to their general objections. They merely stated that "[t]he decision on the timing and content" of the reports to the Data Bank "was done pursuant to advice and guidance provided by attorneys for the Hospital Authority."[8] They argued that "[i]t is apparent that the issues concerning reports [to the Data Bank] are inherently legal questions that require the advice of counsel."[9] In addition, they stated that Plaintiff had received all of the documents submitted to the Data Bank and represented that no other documents "ha[d] been generated with regard to these issues except for materials prepared by attorneys working on behalf of the defendants."[10]

The Court ruled, *inter alia,* that the Hospital Defendants had waived any claim to attorney client-privilege or work product immunity that they may have had in response to this request because they never asserted the attorney-client privilege or work product doctrine in their initial response to the request. The Court ordered the Hospital Defendants to produce any responsive documents that they had withheld on the basis of attorney-client privilege or work product immunity.

The Hospital Defendants argue in their motion to reconsider that the Court's ruling was erroneous because even though the Hospital Defendants did not specifically assert privilege or immunity in their particular response to this request, they did assert general objections to all of the requests for production based on attorney-client privilege and work product immunity. The Hospital Defendants argue that their general objections are particularly valid "in light of the vague and overbroad nature of Plaintiff's requests."[11] They assert that the Court committed clear error when it failed to consider these general objections.

The Hospital Defendants are correct that the Court did not address their general objections in its Memorandum and Order. The Court, however, has reviewed the general objections and finds that they do not provide a basis for the Court to alter its decision.

In their general objections, the Hospital Defendants objected to the requests "to the extent" they called for Defendants to produce materials protected by the attorney-client privilege or attorney work product doctrine. The general objections read as follows:

> Defendants ... object to the Plaintiff's "Instructions for Use," "Definitions" and "Document Requests" *to the extent that they:*
>
> • Request information or identification of documents concerning confidential communications between any of the defendants and their attorneys on the grounds that the information sought is protected under the attorney/client privilege;
>
> • Request information or identification of documents prepared by the counsel for the defendants for their own use, or prepared by the defendants or defendants' agents for use by the defendants' counsel, on the grounds that the information sought is protected from disclosure by the attorney work/product [sic] doctrine; ...[12]

This Court has on several occasions "disapproved [of] the practice of asserting a general objection 'to the extent' it may apply to particular requests for discovery."[13] This

---

**8.** Hosp. Defs.' Resp. to Mot. to Compel (doc. 123) at p. 13.

**9.** *Id.*

**10.** *Id.*

**11.** Hosp. Defs.' Mot. for Recons. (doc. 2) at p. 16.

**12.** Ex. 7, attached to Pl.'s Mot. to Compel (doc. 101) (emphasis added).

**13.** *See Starlight Int'l, Inc. v. Herlihy,* 181 F.R.D. 494, 497 (D.Kan.1998) (citing *Cotracom Commodity Trading Co. v. Seaboard Corp.,* No. Civ. A. 97–2391–GTV, 1998 WL 231135, at *1 (D.Kan. May 6, 1998)).

Court has characterized these types of objections as "worthless for anything beyond delay of the discovery." [14] Such objections are considered mere "hypothetical or contingent possibilities," where the objecting party makes " 'no meaningful effort to show the application of any such theoretical objection' to any request for discovery." [15] Thus, this Court has deemed such "ostensible" objections waived,[16] or declined to consider them as objections.[17]

■ The Court agrees with these cases and holds that a general objection which objects to a discovery request "to the extent" that it asks the responding party to provide documents or information protected by the attorney-client privilege or work product immunity is tantamount to asserting no objection at all. In other words, such a general objection does not preserve the attorney-client privilege or work product immunity.

The Hospital Defendants ask the Court to give special consideration to their general objections because Plaintiff's request is overly broad. The Hospital Defendants argue that because the request seeks "all documents that relate to or concern" the decision to report Plaintiff to the Data Bank in November 2002, it is overly broad on its face. Because it is overly broad on its face, the

Hospital Defendants argue that it "unavoidably invade[s] the attorney-client privilege and work product doctrine." [18]

The Court sees no reason to carve out a special exception for general objections merely because the request is overly broad on its face.[19] But even if the Court were willing to make such an exception, the Court does not find that this particular request is overly broad on its face.

■ Admittedly, this Court has held on numerous occasions that a request or interrogatory may be overly broad or unduly burdensome on its face if it uses an omnibus term as "relating to" or "concerning." That rule, however, applies only when the omnibus term is used "with respect to a general category or group of documents." [20] As this Court has previously noted, a request seeking documents "concerning" a broad range of items "requires the respondent either to guess or move through mental gymnastics ... to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request." [21] When, however, the omnibus phrase modifies a specific type of document or specific event, rather than a large category or all documents or events, the

14. *Cotracom,* 1998 WL 231135, at *1.

15. *Starlight,* 181 F.R.D. at 497 (quoting *Cotracom,* 1998 WL 231135, at *1).

16. *Cotracom,* 1998 WL 231135, at *1 (holding that a party had not justified the application of any "privilege, protection, or immunity" and therefore waived whatever objection it might have asserted where the party asserted a general objection "to the extent" the interrogatories sought anything protected by any "applicable privilege, protection, or immunity.").

17. *Starlight,* 181 F.R.D. at 497 (declining to find that party had asserted a valid objection of work product or attorney-client privilege where party made a general objection "to all interrogatories to the extent the information which is subject to the attorney-client privilege or which is... Defendants' work product is sought.").

18. Hosp. Defs.' Mot. for Recons. (doc. 202) at p. 9.

19. *See, e.g., Cotracom.,* 189 F.R.D. at 665 (finding request facially overly broad due to its use of the omnibus phrase "relating to").

20. *Aikens v. Deluxe Fin. Servs., Inc.,* 217 F.R.D. 533, 538 (D.Kan.2003) (finding request unduly burdensome on its face when it asked defendant to produce all documents "regarding" or "relating to" the lawsuit and the eleven plaintiffs and their EEOC charges). *See also W. Res. v. Union Pacific R.R.,* No. 00–2043–CM, 2001 WL 1718368, at *3 (Dec. 5, 2001) (finding requests for production in a breach of contract suit overly broad and unduly burdensome on their face when they sought, *inter alia,* all documents that referred or related to: (1) any alleged or actual breaches of the contract at issue, (2) plaintiff's reasons for breaching the contract, (3) communications between defendant and any other person regarding termination of the contract, and (4) delivery of product under the contract); *Bradley v. Val–Mejias,* No. 00–2395–GTV, 2001 WL 1249339, at *6, n. 4 (Oct. 9, 2001) (finding request unduly burdensome on its face when it asks for all documents in plaintiff's possession "pertaining to the claim herein").

21. *Pulsecard, Inc. v. Discover Card Servs., Inc.,* No. 94–2304–EEO, 1996 WL 397567, at *10 (D.Kan. July 11, 1996).

request is not deemed overly broad on its face.[22]

■ Here, the request seeks documents that relate to or concern the decision to report Plaintiff to the Data Bank in November 2002, including all documents relating to the reasons or justifications for the decision and all documents that Defendants submitted to the Data Bank. The Court finds that this request is not so all-encompassing as to make it overly broad on its face. The terms "relate to" and "concern" modify a specific event, i.e., the decision to report Plaintiff to the Data Bank, and they do not modify a general category of events. Thus, the request is not overly broad on its face, and there is no reason for the Court to make a special exception for the Hospital Defendants' general objection based on privilege or work product immunity.

In summary, the Court does not find that the general objections asserted by the Hospital Defendants were sufficient to preserve their claims of attorney-client privilege or work product immunity. Thus, even if the Court had taken into account those general objections in issuing its March·31, 2004 Memorandum and Order, those objections would not have altered the Court's ruling that the Hospital Defendants waived any rights they may have had to assert attorney-client privilege and work product protection in response to First Request No. 29. In short, the Hospital Defendants' general privilege objections are not a basis for the Court to reconsider its decision as to First Request No. 29.

■ The Hospital Defendants note that they also served a privilege log that contained documents responsive to First Request No. 29, and that the privilege log therefore preserved their assertion of the attorney-client privilege and work product

immunity. The Court does not agree. That privilege log was not provided to Plaintiffs until the Hospital Defendants served their response to the Motion to Compel, which was more than four months after they served their initial responses to Plaintiff's First Requests for Production. In their response to the Motion to Compel, the Hospital Defendants never discussed the privilege log in connection with First Request No. 29,[23] and this is the first notice that the Court (and presumably Plaintiff) have received indicating that the privilege log identified documents responsive to First Request No. 29.

The Hospital Defendants cannot rely on this privilege log at this late date to resurrect their attorney-client privilege and work product immunity claims. It is well settled that when a party withholds documents or other information based on a privilege or work product immunity, the "party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."[24] Thus, this Court has held that the party asserting the objection must "describe in detail" the documents or information sought to be protected.[25] The objecting party must also provide sufficient information to enable the court to determine whether *each element* of the asserted objection is satisfied.[26] A "blanket claim" as to the applicability of the privilege/work product doctrine does not satisfy the burden of proof.[27] Moreover, the objecting party has the burden to establish the existence of the privilege/immunity prior to the time that the Court is asked to determine its sufficiency

22. *W. Res.*, 2001 WL 1718368, at *3.

23. The only time the Hospital Defendants ever discussed the existence of the privilege log in their response to the Motion to Compel was in connection with First Requests No. 26 and 27, which are not at issue in this Motion for Reconsideration.

24. Fed.R.Civ.P. 26(b)(5).

25. *McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 680 (D.Kan.2000); *Nat'l Union Fire Ins. Co. v. Midland Bancor, Inc.*, 159 F.R.D. 562, 567 (D.Kan. 1994).

26. *McCoo*, 192 F.R.D. at 680; *Jones v. Boeing Co.*, 163 F.R.D. 15, 17 (D.Kan.1995).

27. *McCoo*, 192 F.R.D. at 680; *Kelling v. Bridgestone/Firestone, Inc.*, 157 F.R.D. 496, 497 (D.Kan. 1994).

and applicability.[28]

The Court finds that the Tenth Circuit's decision in *Peat, Marwick, Mitchell & Co. v. West*,[29] to be on point. There, a request for production was served upon the defendant who attempted to assert claims of privilege through generalized objections. The defendant's response to the request did not identify the documents being withheld under the claimed privilege and no privilege log was provided. The plaintiff filed a motion to compel production of the documents in issue. In responding to the motion to compel, the defendant did not identify the privileged documents nor did it provide a privilege log identifying the documents sought in the particular request for production. The court granted the motion to compel, finding that the defendant had failed to meet its burden to establishing its claim of privilege or protection.[30] The defendant then filed a motion seeking reconsideration. It was upon the filing of this motion that the defendant, for the first time, provided specific information as to the withheld documents. The court denied the motion to reconsider and the defendant filed a petition for writ of mandamus with the Tenth Circuit, requesting an order requiring the trial court to reverse its order compelling discovery of the disputed document. The Tenth Circuit denied the petition, reasoning:

> We cannot say that when the trial court entered its order of May 18, 1984, ordering response to the request for production of documents, that petitioner had shown that the "privilege clearly applied" to the document here in dispute. A party seeking to assert the privilege must make a clear showing that it applies. Failure to do so is not excused because the document is later shown to be one which would have been privileged if a timely showing had been made. Even though it does not seem seriously disputed that the privilege would have attached if the objection had been timely and adequately asserted, that such a showing had not been made when the

trial court was called upon to make its ruling defeats the privilege. It is not enough that a document would have been privileged if an adequate and timely showing had been made. The applicability of the privilege turns on the adequacy and timeliness of the showing as well as on the nature of the document.[31]

Here, the Hospital Defendants served general objections as to attorney-client privilege and work product that were insufficient to preserve the privilege and immunity. When this Court was asked to rule upon the existence of the privilege and immunity, the Hospital Defendants had not provided the Court with any information upon which it could determine that each element of the attorney-client privilege or work product immunity had been satisfied. It was not until the Hospital Defendants filed the instant Motion for Reconsideration that the Hospital Defendants even informed the Court that they provided a belated privilege log which identified some documents responsive to First Request No. 29. But even still, the Hospital Defendants do not provide that log to the Court with their Motion for Reconsideration, and the Court is still unable to determine the applicability of the privilege or work product immunity to any specific documents responsive to this request.

In short, the Hospital Defendants failed to make a timely showing that any documents responsive to this request are protected by the attorney-client privilege or work product doctrine. The Court will therefore deny the Motion for Reconsideration as to First Request No. 29.

### 2. First Request No. 30 and First Interrogatory No. 18

The Hospital Defendants also ask the Court to reconsider its ruling with respect to First Request No. 30 on the same basis, i.e., that their general objections were sufficient to preserve their assertion of attorney-client privilege claim and work product immunity.

---

**28.** *Rural Water Syst. Ins. Benefit Trust v. Group Ins. Adm'rs, Inc.*, 160 F.R.D. 605, 608 (D.Kan. 1995).

**29.** 748 F.2d 540 (10th Cir.1984).

**30.** *Id.* at 542.

**31.** *Id.*

The Hospital Authority does likewise with respect to First Interrogatory No. 18.

The Court will decline to reconsider its rulings as to these discovery requests, as Defendants are mistaken as to the Court's rulings. The Court did not rule that the Hospital Defendants/Hospital Authority had waived the right to assert attorney-client privilege or work product immunity by failing to specifically assert those objections in their initial responses. Quite to the contrary, the Hospital Defendants and the Hospital Authority specifically asserted attorney-client privilege and work product immunity objections in their initial responses to these discovery requests, and the Court expressly recognized that they had done so.[32] The Court, however, ruled that based on the information Defendants provided in their response to the Motion to Compel, they had failed to support their assertion of the attorney-client privilege and work product immunity with respect to these discovery requests.

In conclusion, the Hospital Defendants and the Hospital Authority have provided no basis upon which the Court should reconsider its attorney-client privilege and work product immunity rulings as to First Request No. 30 and First Interrogatory No. 18. The Court will therefore decline to reconsider its rulings as to these discovery requests.

### C. Waiver of Objections by Failing to Address Them in the Response to the Motion to Compel

■ The Hospital Defendants next argue that the Court committed clear error and manifest injustice by ruling that the Hospital Defendants had waived various objections by failing to reassert them in their response to the Motion to Compel. The Hospital Defendants seek reconsideration of that ruling with respect to First Requests No. 15, 28 and 30, and the Hospital Authority seeks reconsideration of that ruling with respect to First Interrogatories No. 18 and 19. (As noted above, the interrogatories were served only on the Hospital Authority and not the other Hospital Defendants.)

In ruling that the Hospital Defendants had waived certain objections to First Requests No. 15, 28 and 30 and that the Hospital Authority had waived certain objections to First Interrogatories No. 18 and 19, the Court relied upon *Cotracom Commodity Trading Co. v. Seaboard Corporation.*[33] That case held:

> When ruling upon a motion to compel, the court generally considers those objections which have been timely asserted and relied upon in response to the motion. It generally deems objections initially raised but not relied upon in response to the motion as abandoned.[34]

The Hospital Defendants argue that this rule should not apply here because they did not intend to waive any of their objections and because all of their responses to the discovery requests at issue were attached as exhibits to the various briefs and were therefore a part of the record submitted to the Court.

The Court is not persuaded by this argument. Here, the Hospital Defendants asserted various boilerplate objections that the requests and interrogatories at issue sought irrelevant information, were not calculated to lead to the discovery of admissible evidence, and were overly broad, unduly burdensome, and vague. Plaintiff addressed these boilerplate objections in her Motion to Compel. The Hospital Defendants, however, failed to reassert these objections in their response to the Motion to Compel and did not respond to any of Plaintiff's arguments about them. In short, the objections were wholly unsupported.

This Court "looks with disfavor on conclusory or boilerplate objections that discovery requests are irrelevant, immaterial, unduly burdensome, or overly broad."[35] Thus when a party files a motion to compel and asks the Court to overrule certain objections, the objecting party must specifically show in its

---

**32.** *See* Mem. and Order (doc. 193) at pp. 31–32.

**33.** 189 F.R.D. 655 (D.Kan.1999).

**34.** *Id.* at 622.

**35.** *Miner v. Kendall,* No. 96–1126–MLB, 1997 WL 695587, at *1 (D.Kan.1997) (citing *Gheesling v. Chater,* 162 F.R.D. 649, 650 (D.Kan.1995)).

response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable. By failing to address these types of objections in response to a motion to compel, a party fails to meet its burden to support its objections.[36] The Court is then left without any basis to determine whether the objections are valid and applicable in light of the particular circumstances of the case.

Even though the Hospital Defendants state that they did not intend to waive these objections, their failure to address them in their response to Plaintiff's Motion to Compel—after Plaintiff had raised them in her Motion to Compel[37]—left them wholly unsupported. The Court therefore correctly deemed them waived, and the Court finds that no clear error or manifest injustice occurred as a result of so ruling. The Court therefore declines to reconsider its ruling on this basis.

### D. First Request No. 28 and First Interrogatory No. 19

First Request No. 28 sought documents from the Hospital Defendants concerning allegations or complaints made against other physicians who had privileges at the University of Kansas Hospital ("the Hospital"), the Hospital's responses to those complaints, documents related to any investigations of such allegations or complaints, and any related peer review proceedings. First Interrogatory No. 19 sought similar information from the Hospital Authority, except with respect to a somewhat different time period.

The Hospital Defendants objected to First Request No. 28 on the basis of confidentiality and the peer review privilege. They also objected on the basis that the information sought was irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The Hospital Authority asserted similar objections to First Interrogatory No. 19. The Court overruled those objections, finding that because Plaintiff had asserted Title VII gender discrimination and retaliation claims, she was entitled to discover information about the treatment of male physicians or other physicians (male or female) who had not engaged in protected activity. The Court, however, recognized the need to keep this type of information from being disclosed or used outside the confines of this lawsuit, and directed the Hospital Defendants to provide this information subject to the confidentiality provisions of a Stipulated Protective Order that was already on file in this case. In the event the Stipulated Protective Order did not provide the Hospital Defendants with sufficient protection, the Court directed the parties to confer and attempt to agree on a proposed protective order that would protect the confidentiality of this information.

### 1. The Court's ruling on the validity of the objections

The Hospital Defendants argue in their Motion for Reconsideration that the Court's Order overruling these objections was clearly erroneous because, at the time the Hospital Defendants served their responses to these discovery requests, no Title VII claims had been asserted. They also argue that their objections to these requests were "substantially justified" and that sanctions should not be imposed against them for making these objections.

The Court is aware that at the time the Hospital Defendants responded to these discovery requests on June 13, 2003, the Complaint did not contain any Title VII claims. It was not until June 23, 2003 that the Complaint was amended and the Title VII claims

---

**36.** Unless a request is overly broad, irrelevant, or unduly burdensome *on its face,* the party asserting the objection has the duty to support its objections. *Hammond v. Lowe's Home Ctrs., Inc.,* 216 F.R.D. 666, 670 (D.Kan.2003).

**37.** The Court wishes to emphasize that the party filing the motion to compel has the initial burden of addressing each boilerplate objection in its

motion to compel. By doing so, that brings the objection "into play" and places the burden on the objecting party to support its objections. If the moving party fails to address an objection in its motion to compel, the objecting party need not raise it, and the objection will stand. To the extent *Cotracom* may be construed to relieve the moving party of the obligation to raise the objection in the motion to compel, the Court respectfully disagrees with *Cotracom.*

were added.[38] When, however, the Hospital Defendants filed their response to the Motion to Compel in September 2003, they continued to assert these objections, even though the Title VII claims were now part of the lawsuit. Thus, while the Hospital Defendants' initial objections may have been valid at the time they *initially* responded to the discovery on June 13, 2003, their *continuing assertion* of those objections in September 2003—almost three months after the Title VII claims were added—was not justified. The Hospital Defendants have not shown that the Court's ruling was incorrect given the addition of the Title VII claims. Rather, they merely argue that the Court should have considered the validity of their objections at the time they were initially asserted, i.e., before the addition of the Title VII claims. The Court is not persuaded by this argument. It ignores the fact that the Hospital Defendants continued to assert these objections for months following the addition of the Title VII claims and ignores the Hospital Defendants' duty to supplement their discovery responses based on intervening or new circumstances.[39] Accordingly, the Court does not find that it committed clear error in overruling these objections or in holding that the objections were not substantially justified. The Court therefore denies the Hospital Defendants' Motion for Reconsideration with respect to these discovery requests.

### 2. The Court's ruling regarding an agreed protective order

The Hospital Defendants also request that the Court reconsider a provision of its Order which instructed the parties to meet and confer regarding a proposed protective order if the Stipulated Protective Order already on file was not sufficient to address Defendants' confidentiality concerns. The Order also directed the parties to attempt "to develop a procedure for redacting or withholding information that the parties agree is protected by privacy interests or any other privilege that the parties agree applies to this information." [40]

The Hospital Defendants now ask for reconsideration "to the extent that the order intends to prevent the Hospital Defendants from seeking judicial intervention on the issue of a special protective order on such information." [41] The Court did not intend that the Hospital Defendants be prevented from seeking assistance from the Court in the event the parties were unable to agree on an appropriate protective order. Rather, the Court intended that the parties first work together, to attempt to agree on an appropriate order to submit to the Court. In the event the parties are unable to agree on an order, the Hospital Defendants may seek intervention from the Court.

### E. First Request No. 15

This request sought all documents regarding concerns raised by other physicians at the Hospital concerning the quality of care provided to pediatric patients at the Hospital. In their response to the Motion to Compel, the Hospital Defendants reasserted their boilerplate objections that (1) the request was overbroad, (2) it was not reasonably calculated to lead to the discovery of admissible evidence, and (3) it sought irrelevant documents. The only argument the Hospital Defendants asserted in their response to the Motion to Compel in support of their objections was that "[w]hatever concerns [which] could have been raised by [other] physicians with regard to pediatric care at the Hospital are completely irrelevant to the question of whether Dr. Sonnino is a disruptive physician." [42] The Court overruled the Hospital

---

**38.** *See* Second Amended Compl. (doc. 75).

**39.** See Fed.R.Civ.P. 26(e) ("A party is under a duty seasonably to amend a prior response to an interrogatory, request for production ... if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.") This duty should apply not only to a response but also to an objection that is no longer appropriate

given a change in circumstances or change in the allegations pled in the lawsuit.

**40.** Mem. and Order (doc. 193) at p. 16.

**41.** Hosp. Defs.' Mot. for Recons. (doc. 202) at p. 13.

**42.** Hosp. Defs.' Resp. to Mot. to Compel (doc. 123) at p. 14.

Defendants' boilerplate objections and agreed with Plaintiff that the request was reasonably calculated to lead to the discovery of documents showing that Defendants treated Plaintiff differently from male physicians or other physicians who had not engaged in protected activity and who, like Plaintiff, had raised concerns regarding pediatric care at the Hospital. The Court thus ruled that the request sought documents relevant to Plaintiff's Title VII discrimination and retaliation claims. The Court also ruled that the request was reasonably calculated to lead to the discovery of documents that might support her section 1983 claims, i.e., that Defendants retaliated against her in violation of her First Amendment rights for speaking out about matters of public concern.

The Hospital Defendants seek reconsideration of the Court's Order overruling these objections. They also seek reconsideration of the Court's ruling that their objections were not substantially justified. They argue as they did with respect to First Request No. 28 and First Interrogatory No. 19, and assert that the Court should have determined the validity of their objections at the time they were initially asserted, i.e., prior to the Title VII claims being added to the Complaint.

As in the case of First Request No. 28 and First Interrogatory No. 19, the Hospital Defendants continued to assert these objections long after the Title VII claims were added. The Court rejects this argument for the same reasons it rejected this argument above. The Court also finds this argument to be inapplicable to this particular request for production, as it ignores the fact that Plaintiff had asserted her section 1983 claims against Defendants at the time these objections were initially asserted. As noted above, the Court overruled these objections not only on the basis that the requested documents were relevant to Plaintiff's Title VII claims, but also on the basis that they were relevant to Plaintiff's section 1983 claims. Those section 1983 claims were contained in the Complaint that was on file at the time the Hospital Defendants initially asserted these objections. Thus, even if the Court were to examine the validity of these objections only at the time they were initially asserted, the Court would still find them invalid and unsupported. The Court therefore finds no error in its rulings with respect to First Request No. 15, and it will deny the Motion for Reconsideration as to this request.

## III. Conclusion

With the exception of the Court's ruling on whether the Hospital Defendants' qualified immunity objections were substantially justified, the Hospital Defendants fail to show how the Court's rulings were clearly erroneous or have resulted in manifest injustice. The Hospital Defendants also fail to present any other rationale for reconsideration, save their disagreement with the Court's conclusions. Having carefully reviewed the arguments contained in the Hospital Defendants' Motion for Reconsideration, the Court finds no basis to amend or alter any portion of its March 31, 2004 Memorandum and Order other than its determination that the Individual Hospital Defendants' assertion of qualified immunity objections was not substantially justified. Under all of the circumstances, the Court determines that it would be manifestly unjust to hold that the Individual Hospital Defendants' assertion of qualified immunity objections was not substantially justified. Upon reconsideration, the Court therefore determines that the Individual Hospital Defendants' assertion of qualified immunity objections was substantially justified, and those objections will not be considered in the Court's award of sanctions under Fed. R.Civ.P. 37(a)(4)(C).

**IT IS THEREFORE ORDERED** that the Motion for Reconsideration (doc. 202) filed by Defendants University of Kansas Hospital Authority; H. William Barkman, Jr., M.D.; Irene Cumming; Robert Page–Adams; and Kurt Schropp, M.D., is granted to the extent that they seek reconsideration of the Court's ruling that the Individual Hospital Defendants' assertion of qualified immunity objections was not substantially justified. Upon reconsideration, the Court determines that the Individual Hospital Defendants' assertion of qualified immunity objections was substantially justified, and those objections will not

be considered in the Court's award of sanctions under Fed.R.Civ.P. 37(a)(4)(C).

**IT IS FURTHER ORDERED** that the Motion for Reconsideration (doc. 202) is denied in all other respects.

**IT IS SO ORDERED.**