McPHERSON, Appellee,

v.

GOODYEAR TIRE RUBBER COMPANY, Appellant.

[Cite as *McPherson v. Goodyear Tire & Rubber
Co.*, 146 Ohio App.3d 441, 2001–Ohio–1517.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 20579.

Decided Oct. 17, 2001.

Nancy Grim, for appellee.

Sallie Conley Lux, for appellant.

SLABY, Judge.

{¶1} Appellant, Goodyear Tire and Rubber Company, appeals from the judgment in the Summit County Court of Common Pleas granting the motion to compel of appellee, Dale McPherson. We affirm.

{¶2} On June 9, 1999, appellee filed a complaint against appellant, asserting discrimination, wrongful discharge, and infliction of emotional distress. Appellee requested appellant to produce various documents. Subsequently, appellant moved for a protective order. The trial court denied appellant's motion for a protective order and instructed appellant to produce the documents outlined in appellee's request.

{¶3} Following the trial court's denial of appellant's motion, appellant withheld some of the documents, claiming privilege. Appellee moved to compel appellant to produce the withheld documents. Appellant countered by moving to strike certain exhibits and transcripts. On May 5, 2001, the trial court granted appellee's motion. Appellant timely appealed raising two assignments of error, which we will address jointly as they concern similar issues of law and fact.

## ASSIGNMENT OF ERROR I

{¶4} "The trial court erred by ordering the disclosure of documents and material protected by the attorney-client privilege."

## ASSIGNMENT OF ERROR II

{¶5} "The trial court erred by ordering the disclosure of documents and material protected by the work product doctrine."

{¶6} In these assignments of error, appellant avers that the trial court erred in compelling appellant to disclose privileged documents and materials. In particular, appellant premises its argument on the attorney-client privilege and work-product doctrine. Appellant's argument is not well taken.

{¶7} The trial court maintains the discretion to regulate discovery. *State ex rel. The V. Cos. v. Marshall* (1998), 81 Ohio St.3d 467, 469, 692 N.E.2d 198. Accordingly, an appellate court will not reverse a trial court's decision regarding discovery absent an abuse of discretion. Id. An abuse of discretion is more than an error of judgment but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748. When applying the abuse-of-discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.

■ {¶8} Civ.R. 26(B)(1) limits the scope of discovery to "any matter, not privileged, which is relevant to the subject matter involved in the pending action[.]" Nevertheless, this limitation as to privileged documents is not self-executing. See *Marx v. Kelly, Hart & Hallman P.C.* (C.A.1, 1991), 929 F.2d 8, 12. As a result, the party asserting an objection to discovery on the ground of privilege must present that objection in a timely and proper manner as outlined by the Civil Rules. See *Peat, Marwick, Mitchell & Co. v. West* (C.A.10, 1984), 748 F.2d 540, 542. See, also, *Waldmann v. Waldmann* (1976), 48 Ohio St.2d 176, 178, 2 O.O.3d 373, 358 N.E.2d 521 (stating that "the burden of showing that [documents or material] sought to be excluded under the doctrine of privileged attorney-client communications rests upon the party seeking to exclude [them]"); *Perry v. Dobbins* (Apr. 4, 1990), Jackson App. No. 589, unreported, 1990 WL 42293 (declaring that the party claiming documents or materials are work product bears the burden of showing that the materials should not be discoverable).

■ {¶9} Civ.R. 34(B) provides the starting point for a party seeking to object on the ground of privilege: (1) a party served with a document request must respond within twenty-eight days after service of the request, and (2) if any request is objected to, the reasons for the objection must be stated. Civ.R. 34(B). Moreover, the party asserting the privilege is required to identify those parts to which it was objecting and the reasons for each objection. See *Amcast Indus. Corp. v. Detrex Corp.* (N.D.Ind.1991), 138 F.R.D. 115, 121 ("A party resisting or objecting to a document request under a claim of privilege will usually be required to identify and list all documents which it seeks to withhold[.]"); *Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc.* (D.Del.1989), 707 F.Supp. 1429, 1439 (stating that a party claiming attorney-client privilege and work-product immunity is not excused from explicitly identifying the allegedly privileged items). Last, "[i]t is not enough that a document would have been privileged if an adequate and timely showing had been made." *Peat, Marwick, Mitchell & Co.*, 748 F.2d at 542.

■ {¶10} In this case, the challenge to the production of documents and material via the attorney-client privilege and the work product doctrine was waived because appellant did not satisfy its burden of showing the privileged nature of these documents and material in a timely fashion. The record clearly indicates that appellant objected "to any document request which *may* elicit matters subject to the attorney-client privilege, [or] attorney work product doctrine" in its initial motion for a protective order. (Emphasis added). Appellant did not list the documents or material that it deemed privileged or provide any corroborative evidence to support its blanket assertion that the documents and material were privileged under the attorney-client privilege or the work product doctrine.

{¶11} In an effort to circumvent the trial court's order, appellant withheld various documents asserting the attorney-client privilege and the work product doctrine. Appellee moved to compel appellant to produce these documents. In response to appellee's motion to compel, appellant elaborated upon the privileged nature of these documents and material and provided corroboration. However, appellant had already waived these privileges by failing to list initially the privileged documents and material and by failing to provide supporting evidence in its motion for protective order. As a result, appellant cannot now provide evidence to support its contention that the documents and material are privileged, even if these items would have been considered privileged if asserted timely. See *Peat, Marwick, Mitchell & Co.*, 748 F.2d at 542. Consequently, we hold that the trial court did not abuse its discretion in granting appellee's motion to compel.

{¶12} Accordingly, appellant's first and second assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

BAIRD, P.J., concurs.

CARR, J., dissents.