DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Kenneth M. Chuparkoff, appeals from the decision of the Summit County Court of Common Pleas which ordered production of audio tapes. We affirm.
 {¶ 2} In February, 2002, Appellant filed suit against Appellees, Farmers Insurance of Columbus, Inc., Farmers Insurance Exchange, Truck Insurance Exchange, Fire Insurance Exchange, Mid-Century Insurance Company, Farmers New World Life Insurance Company, Richard Thompson, Roy Smith, and Gary Gibson. Appellant alleged various claims based upon breach of contract, tortious interference with business relationship, conversion, and unjust enrichment. Appellees promptly filed their answer.
 {¶ 3} On June 26, 2003, Appellees filed a motion for protective order, seeking to prevent the deposition of Martin Feinstein. The court denied that motion, and the parties scheduled multiple depositions, including Feinstein's, for Tuesday, January 27, 2004, through Thursday, January 29, 2004. The depositions, slated during a single week for the convenience of the parties, were to take place in Los Angeles, California where the deponents resided.
 {¶ 4} On January 21, 2004, Appellees took the deposition of Appellant, who revealed that, at the direction of his attorney, he had surreptitiously recorded telephone calls with potential witnesses, including employees of Appellees, regarding the issues in this case. Upon receipt of this new information, Appellees contacted Appellant in an attempt to delay the California depositions until after Appellees could review the contents of the audio tapes. Appellant refused to produce the audio tapes, and indicated that the depositions must go forward as scheduled unless Appellees sought a protective order. Four days prior to the first scheduled California deposition, on a Friday, Appellees informed Appellant that they would seek a protective order the following Monday and that the depositions would not go forward until after the court had ruled upon the motion:
"You advised me that you, your father and your brother intend to fly to Los Angeles on Monday for depositions notwithstanding the notification I have given you about the continuance of the depositions. * * * I want to again advise you that I intend to file, pursuant to [Civ.R. 37], a motion for protective order with the Court on Monday, in advance of the depositions, as well as a motion to compel discovery."
 {¶ 5} Despite this apparent notice, Appellant and his attorney flew to Los Angeles on Monday. Appellant claims that he did not receive notification of Appellees' motion for a protective order until Tuesday, after the first deposition was scheduled to go forward. Upon definitive notice that the depositions would not proceed, Appellant and his attorney arranged to fly back to Ohio a day early, on Thursday morning, in order to mitigate the costs associated with the failed depositions. Upon his return, Appellant filed a motion for sanctions and a motion to compel discovery.
 {¶ 6} The court ruled on the outstanding discovery motions on March 29, 2004. The court ordered Appellant to produce the surreptitious audio tapes of conversations with potential witnesses made at the direction of Appellant's attorney. The court further granted Appellant's motion to compel the California depositions, but did not award sanctions. Appellant timely appealed, raising two assignments of error for our review.
 ASSIGNMENT OF ERROR I
"The trial court erred in granting [Appellees'] request to hear tape recordings [Appellant] made of telephone conversations he had with potential witnesses and ordering [Appellant] and his counsel to immediately make available to [Appellees'] counsel all such tape recordings."
 {¶ 7} In his first assignment of error, Appellant argues that the trial court erred in granting Appellees' motion to compel discovery regarding audio tapes. Appellant contends that the surreptitiously recorded audio tapes fall under the attorney work product privilege which exempts them from discovery. Appellant further asserts that surreptitious tape recording of a conversation with opposing witnesses at the direction of his attorney is not an ethical violation which would remove the protection afforded that material by the attorney work product privilege. Appellees, on the other hand, argue that any ethical violation vitiates the work-product doctrine, and, further, that Appellant waived any privilege by failing to claim the privilege in response to certain production requests. We agree with Appellees that Appellant waived the work product privilege.
 {¶ 8} Barring application of a privilege, a party may, in general, request discovery of any relevant matter. Civ.R. 26(B)(1). Trial preparation materials, also called attorney work product, are covered by a privilege and are discoverable only upon a showing of good cause. Civ.R. 26(B)(3). The work product privilege encompasses material prepared in anticipation of litigation by a party or a party's representative. Civ.R. 26(B)(3). Neither party in this case has argued that the tapes fall outside of the attorney work product doctrine. We make no determination as to the veracity of that concession, but will assume, for the sake of argument alone, that such is the case.
 {¶ 9} Application of a privilege is not automatic. McPherson v.Goodyear Tire Rubber Co. (2001), 146 Ohio App.3d 441, 444. Instead, the party asserting the privilege must make a timely objection on the grounds of the privilege. Id. Where a party claims privilege in response to a document request, "the party asserting the privilege is required to identify those parts to which it was objecting and the reasons for each objection." McPherson, 146 Ohio App.3d at 444. Even if a document obviously falls within a privilege, a party waives that privilege where it fails to make a timely objection. See id.
 {¶ 10} In the case at bar, Appellees requested "[a]ll documents that reflect, refer or relate in any way to [Appellant's] service as an agent for [Appellees]." Appellees' definitional section for the requests defined "document" as "any material recorded in verbal, graphic, computer, telecommunicative, or magnetic form or any other form capable of being read, heard, or otherwise understood[,]" a definition which obviously includes audio tapes. Appellees further requested documents related to Appellant's allegations concerning his service and termination as an agent for Appellees. Appellant initially objected to the first request as being overly broad, and responded that he had no documents responsive to the second request. Eventually, Appellant responded to the first request by stating he had no objection and merely reserved the right to supplement his currently non-existent response. Appellant failed to claim that documents under either request were covered by the attorney work product privilege.
 {¶ 11} If the audio tapes were responsive to either of these requests, Appellant has failed to invoke and protect the privilege, in effect waiving that right and making those tapes discoverable. This is the precise argument now challenged by Appellant, who insists those recordings were not responsive to either of the requests. He does, however, admit that the multiple audio tapes include discussions related to his service and termination as an agent for Appellees. He merely alleges that the fact the tapes were made after the time period listed in the discovery requests renders them outside the scope of those requests.
 {¶ 12} The trial court disagreed: "[Appellant] also violated discovery provisions by failing to disclose the existence of the recordings when an appropriate request was made by [Appellees]." We agree with the trial court. It does not matter at what time period the tapes were made. It only matters that they relate to the time frame and subject areas that were requested by Appellees.
 {¶ 13} Appellant failed to object on the basis of the work product privilege when the audio tapes were responsive to certain document requests made by Appellees. Due to that failure, Appellant has waived any alleged privilege and cannot now present evidence in order to assert that privilege. See McPherson, 146 Ohio App.3d at 445. As Appellant has waived any alleged privilege, the recordings are discoverable.[1]
Accordingly, we overrule Appellant's first assignment of error.
 ASSIGNMENT OF ERROR II
"The trial court erred in not awarding [Appellant] a reasonable amount for sanctions, to which he was entitled as a result of the trial court denying [Appellees'] Motion for a Protective Order delaying the [California depositions]."
 {¶ 14} In his second assignment of error, Appellant asserts that the trial court erred by failing to award sanctions under Civ.R. 37(D). Courts have long recognized that discovery orders are interlocutory in nature, and not generally subject to immediate appellate review. State exrel. Steckman v. Jackson (1994), 70 Ohio St.3d 420, 438; Kennedy v.Chalfin (1974), 38 Ohio St.2d 85, 88. Likewise, an award of sanctions related to a discovery order is not final and appealable, nor does it fall under the guise of a special proceeding:
"[D]iscovery techniques are pretrial procedures used as an adjunct to * * * a pending lawsuit. They are designed to aid in the final disposition of the litigation, and are, therefore, to be considered as an integral part of the action in which they are utilized. They are not `special proceedings,' as that phrase is used in R.C. 2505.02. Hence, a sanction order arising out of discovery procedures is not an order rendered in a special proceeding." Id. at 89.
 {¶ 15} This case is before us on appeal from a discovery order. Appellant admits that "separately [the denial of sanctions] may not be a final, appealable order[.]" Regardless, Appellant contends that we may review "that issue as part of the larger, surreptitious tape recordings issue, which is final and appealable." Appellant has cited no authority for the proposition that this Court has jurisdiction to review any issue tangentially connected to one which is properly appealable. Similarly, this Court cannot locate any such authority. An issue must be final and appealable on its own for this Court to have jurisdiction to address it. Standing alone, a denial of sanctions accompanying a discovery order is not final and appealable. See Steckman, 70 Ohio St.3d at 438; Kennedy,38 Ohio St.2d at 88. Appellant may be afforded a meaningful and effective remedy as to this alleged error following a final judgment in this case. Accordingly, we lack jurisdiction to consider Appellant's second assignment of error.
 {¶ 16} We overrule Appellant's first assignment of error and refrain, on jurisdictional grounds, from addressing his second. We further affirm the decision of the Summit County Court of Common Pleas as it relates to the discoverability of the surreptitiously made audio tapes.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J., Batchelder, J., Concur.
[1] This Court makes no decision in regard to whether violation of an Ohio ethic rule vitiates the work product privilege, an argument asserted by Appellee and adopted by the trial court.