[Cite as *Owens v. ACS Hotels, L.L.C.*, 2016-Ohio-5506.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

DARLENE OWENS

     Appellee

     v.

ACS, HOTELS, LLC,
dba Country Inn & Suites

     Appellant

C.A. No.     27787


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2014 08 4024

DECISION AND JOURNAL ENTRY

Dated: August 24, 2016

---

HENSAL, Presiding Judge.

{¶1}    ACS Hotels, LLC appeals a judgment of the Summit County Court of Common Pleas that granted in part and denied in part its motion for protective order and Darlene Owens's motion to compel. For the following reasons, this Court affirms.

I.

{¶2}    ACS operates a hotel in Macedonia. Ms. Owens was a guest at the hotel in March 2014. Following her stay, Ms. Owens filed a complaint against ACS, alleging that she contracted Legionella from the hotel's pool and spa. In its answer, ACS listed over twenty affirmative defenses. During discovery, Ms. Owens served interrogatories and requests for production on ACS regarding each of those defenses. In each interrogatory, Ms. Owens requested that ACS:

Set forth each and every fact upon which you rely, state the name, address, and telephone number of each and every witness supporting each such fact and identify and attach to the answers to these interrogatories copies of each and every

document in any way supporting your assertion [that the particular affirmative defense applies] * * *.

In each request for production, Ms. Owens requested that ACS "[p]roduce true and authentic copies of any and all documents in support of your answer to [each interrogatory]." ACS objected to the interrogatories and requests for production relating to its affirmative defenses, claiming that they sought attorney work product and were protected by attorney-client privilege.

{¶3} When the parties were unable to resolve their dispute over the discovery requests, ACS moved for a protective order, arguing that the information Ms. Owens sought was attorney work product. Ms. Owens opposed the motion and filed a motion to compel, arguing that the information was discoverable. Following additional memoranda by both parties, the trial court ruled that a number of ACS's affirmative defenses "require fact discovery to avoid trial by ambush and can be answered without divulging attorney-work product." It determined that the remainder, however, "are procedural or technical defenses" that did not require further factual discovery. It, therefore, granted ACS's motion for protective order and Ms. Owens's motion to compel in part and denied them in part. ACS has appealed, assigning as error that the trial court erred when it denied its motion in part and granted Ms. Owens's motion in part.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN DENYING ACS HOTELS, LLC D/B/A COUNTRY INN & SUITES' MOTION FOR PROTECTIVE ORDER, AND GRANTING PLAINTIFF'S MOTION TO COMPEL.

{¶4} ACS argues that the trial court should have granted its motion for protective order in full and denied Ms. Owens's motion to compel in full. Civil Rule 26(B)(1) provides that, unless otherwise ordered by the court, "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it

relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party * * *." ACS admits that this Court's standard of review is abuse of discretion. *See Anderson v. A.C. & S., Inc.*, 83 Ohio App.3d 581, 584 (9th Dist.1992); *State ex rel. Greater Cleveland Regional Transit Auth. v. Guzzzo*, 6 Ohio St.3d 270, 271 (1983) (explaining that whether a "privilege" exists under Civil Rule 26(B)(1) is a discretionary decision "to be made by the trial court."). An abuse of discretion implies that a trial court was unreasonable, arbitrary, or unconscionable in its judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶5} ACS argues that Ms. Owens's interrogatories improperly seek its attorney's mental impressions, which are protected under the work product doctrine. The work product doctrine "provides a *qualified* privilege protecting the attorney's mental processes in preparation of litigation, establishing 'a zone of privacy in which lawyers can analyze and prepare their client's case free from scrutiny or interference by an adversary.'" (Emphasis original.) *Squire, Sanders & Dempsey, L.L.P. v. Givaudan Flavors Corp.*, 127 Ohio St.3d 161, 2010-Ohio-4469, ¶ 55, quoting *Hobley v. Burge*, 433 F.3d 946, 949 (7th Cir.2006).

{¶6} Regarding Ms. Owens's interrogatories, ACS argues that the trial court incorrectly determined that they do not impinge on its attorney's work product. According to ACS, by asking for the facts "upon which [it] rel[ies]," Ms. Owens seeks its counsel's subjective evaluation of the state of the evidence, essentially asking ACS to divulge what evidence it believes is material as to each defense. It contends that Ms. Owens's interrogatories are similar to ones that were found to be improper in *DeCuzzi v. Westlake*, 191 Ohio App.3d 816, 2010-Ohio-6169 (8th Dist.). In *DeCuzzi*, the Eighth District Court of Appeals concluded that a city employee's interrogatories that asked the City to "identify the immunity defense by its type (i.e., absolute, qualified, etc.) and identify what facts establish the defense" sought opinion work-

product because they asked the city "to divulge how it intends to defend its case[.]" (Emphasis omitted.) *Id*. at ¶ 18. It also determined that an interrogatory that asked the city to "state the exact factual defense * * * by specific reference to facts, exhibits, dates, witnesses, and transactions between the parties * * *" that it would attempt to prove at trial as well as to "state the factual basis for any affirmative defense" was vague and overbroad and could be construed as seeking work-product information. *Id*. at ¶ 3, 17.

{¶7} Civil Rule 26(B)(3) "describes the work-product doctrine as it applies in civil cases in Ohio[.]" *Squire, Sanders & Dempsey, L.L.P.*, at ¶ 56. It provides, in relevant part, that "a party may obtain discovery of documents, electronically stored information and tangible things prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney * * *) only upon a showing of good cause therefor." Civ.R. 26(B)(3). The Ohio Supreme Court has explained that, although the rule only expressly applies to tangible items, the "protection also extends to intangible work product." *Squire, Sanders & Dempsey, L.L.P.*, at ¶ 58. The reason for the extension is so that attorneys themselves can have a work-product objection at depositions. *Id*.

{¶8} We agree with ACS that Ms. Owens's interrogatories could be construed as asking for its attorney's intangible work product similar to the ones in *DeCuzzi*. The trial court, however, found that they can be answered in a way that not only prevents Ms. Owens from facing an ambush at trial, but without divulging ACS's attorney's work product. In its brief, ACS has not established why any answers that it provides to the interrogatories would necessarily include its attorney's work product. ACS has not demonstrated that it cannot provide its understanding of the factual background underlying its affirmative defenses without also disclosing its "mental impressions, theories, and legal conclusions[.]" *Squire, Sanders &*

*Dempsey, L.L.P.*, at ¶ 60. We, therefore, conclude that ACS has failed to establish that the trial court abused its discretion when it concluded that ACS can answer several of Ms. Owens's interrogatories without divulging attorney work product. *See Nationwide Agribusiness Ins. Co. v. Heidler*, 12th Dist. Clinton No. CA2015-07-013, 2016-Ohio-455, ¶ 24.

{¶9} Regarding Ms. Owens's request for production of documents, the Ohio Supreme Court has recognized that Civil Rule 26(B)(3) applies to documents and other tangible things that are prepared in anticipation of litigation. *Squire, Sanders & Dempsey, L.L.P.*, at ¶ 58. Application of a privilege, however, is not automatic. *Harpster v. Advanced Elastomer Sys., L.P.*, 9th Dist. Summit No. 22684, 2005-Ohio-6919, ¶ 20. "[T]he party seeking protection under a privilege carries the burden of demonstrating that a privilege exists." *Novak v. Studebaker*, 9th Dist. Summit No. 24615, 2009-Ohio-5337, ¶ 19. In particular, it is required to identify and list all of the documents that it seeks to withhold. *Harpster* at ¶ 20, citing *Amcast Indus. Corp. v. Detrex Corp.*, 138 F.R.D. 115, 121 (N.D.Ind.1991), *Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc.*, 707 F.Supp. 1429, 1439 (D.Del.1989); *Petz v. Ethan Allen, Inc.*, 113 F.R.D. 494, 497 (D.Conn.1985) ("[A] party asserting protection under the work product doctrine must identify the withheld documents with sufficient particularity that the opposing counsel can intelligently argue that the doctrine ought not to apply."). Without identification of the documents by the party seeking protection, the party seeking the information is unable to challenge the soundness of its claim. *AM Internatl., Inc. v. Eastman Kodak Co.*, 100 F.R.D. 255, 256 (N.D.Ill.1981). This Court has held that, if a party seeking to withhold information under the work product doctrine does not list the documents or material that it deems privileged or provide any corroborative evidence to support its assertion, it forfeits the protection of the

doctrine. *McPherson v. Goodyear Tire & Rubber Co.*, 146 Ohio App.3d 441, 444 (9th Dist.2001).

{¶10} In its motion for protective order and in its opposition to Ms. Owens's motion to compel, ACS did not identify or list any documents that it claimed were work product. Instead, it merely made a blanket assertion that Ms. Owens's requests for production sought information that was protected under the work product doctrine. We, therefore, conclude that ACS forfeited its right to protection under Civil Rule 26(B)(3) with respect to Ms. Owens's requests for production of documents. *McPherson* at 444 ("Appellant did not list the documents or material that it deemed privileged or provide any corroborative evidence to support its blanket assertion that the documents and material were privileged under * * * the work product doctrine."). ACS's assignment of error is overruled.

### III.

{¶11} The trial court did not abuse its discretion when it granted Ms. Owens's motion to compel in part and denied ACS's motion for protective order in part. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

JEFFREY S. MOELLER, HUNTER S. HAVENS, and TERESE M. FENNELL, Attorneys at Law, for Appellant.

TIMOTHY HANNA and SCOTT KOLLIGIAN, Attorneys at Law, for Appellee.