[Cite as *State ex rel. DeWine v. Buckeye Impact Group, L.L.C.*, 2018-Ohio-4578.]

# IN THE COURT OF APPEALS OF OHIO
## SIXTH APPELLATE DISTRICT
## SANDUSKY COUNTY

STATE OF OHIO EX REL.,
OHIO ATTORNEY GENERAL,                         CASE NO. S-18-001
MICHAEL DEWINE,

      PLAINTIFF-APPELLEE,

      v.

                                          O P I N I O N

BUCKEYE IMPACT GROUP, LLC, ET AL.,

      DEFENDANTS-APPELLANTS.

Appeal from Sandusky County Common Pleas Court
Trial Court No. 17-CV-17

Judgment Affirmed

Date of Decision:  November 13, 2018

APPEARANCES:

   *Andrew R. Mayle* for Appellants

   *Megan E. McNulty* for Appellee

**WILLAMOWSKI, P.J.**

{¶1} Defendants-appellants Buckeye Impact Group, LLC and Premier Design Group, LLC (collectively "the appellants") appeal the judgment of the Sandusky County Court of Common Pleas. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On January 6, 2017, the Attorney General's Office filed a complaint against the appellants that alleged violations of the Consumer Sales Practices Act. Doc. 2. On July 14, 2017, the Attorney General's Office served the appellants with interrogatories and requests for the production of documents. Doc. 14. The Attorney General's Office then filed a motion to compel discovery on November 9, 2017. Doc. 15. In response, the appellants asserted that an order compelling production of these documents and answers to the interrogatories would violate their constitutionally protected right against self-incrimination. Doc. 19. On December 22, 2017, the trial court ordered the appellants to comply with the discovery demands. Doc. 22.

*Assignment of Error*

{¶3} Appellants filed notice of appeal on January 18, 2018. Doc. 25. On appeal, appellants raise the following assignment of error:

> **The trial court erred in compelling two limited liability companies to respond to discovery requests propounded by the attorney general in a lawsuit brought under R.C. 109.87 when (1) the**

**requests are designed to elicit potentially incriminating responses and therefore (2) no individual affiliated with the companies are willing to craft or verify any discovery responses because of the potential for self-incrimination that could be used in a subsequent criminal case.**

*Legal Standard*

{**¶4**} Under the Fifth Amendment to the United States Constitution, "No person * * * shall be compelled in any criminal case to be a witness against himself." Fifth Amendment to the U.S. Constitution. *See* Ohio Constitution, Article I, Section 10. "A valid assertion [of the right against self-incrimination] exists where a witness has reasonable cause to apprehend a real danger of incrimination." *State v. Landrum*, 53 Ohio St.3d 107, 119, 559 N.E.2d 710 (1990). The right against self-incrimination

**can be claimed in any proceeding, be it criminal or civil, administrative or judicial, investigatory or adjudicatory. * * * [I]t protects any disclosures which the witness may reasonably apprehend could be used in a criminal prosecution or which could lead to other evidence that might be so used.**

*In re Amanda W.*, 124 Ohio St.3d 136, 140, 705 N.E.2d 724 (6th Dist. 1997), quoting *Application of Gault*, 387 U.S. 1, 47-48, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).

{**¶5**} However, the right

**against self-incrimination may not be invoked merely by asserting that the information sought by the government may in a general sense be incriminatory. Whether there is a sufficient hazard of incrimination is a question for the [trial] court * * *."**

*Cincinnati v. Bawtenheimer*, 63 Ohio St.3d 260, 266, 586 N.E.2d 1065 (1992).

Thus, "[t]he trial court must have more than a blanket assertion." *Matter of Rebecca S.*, 6th Dist. Lucas No. L-96-377, 1997 WL 679518, *4 (Oct. 31, 1997). "A blanket assertion of the privilege is not sufficient to show reasonable cause to apprehend a real danger of incrimination, and the privilege cannot be claimed in advance of the questions. The privilege must be asserted as to particular questions." *Id.*, citing *In re Morganroth*, 718 F.2d 161, 167 (6th Cir. 1983).

{¶6} The Ohio Rules of Civil Procedure state the method by which objections may be made to interrogatories and the production of documents. *See McPherson v. Goodyear Tire & Rubber Co.*, 146 Ohio App.3d 441, 444, 766 N.E.2d 1015 (9th Dist. 2001). Civ.R. 33(A)(3) reads, in its relevant part, as follows:

> **Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer. The party upon whom the interrogatories have been served shall quote each interrogatory immediately preceding the corresponding answer or objection. * * * The answers are to be signed by the person making them, and the objections signed by the attorney making them.**

Civ.R. 33(A)(3). Civ.R. 34(B)(1) reads, in its relevant part, as follows:

> **The party upon whom the request is served shall serve a written response within a period designated in the request that is not less than twenty-eight days after the service of the request or within a shorter or longer time as the court may allow. With respect to each item or category, the response shall state that inspection and related activities will be permitted as requested, unless it is objected to, including an objection to the requested form or forms for producing electronically stored information, in which event**

-4-

> **the reasons for objection shall be stated. If objection is made to part of an item or category, the part shall be specified.**

Civ.R. 34(B)(1).

*Legal Analysis*

**{¶7}** In response to the Attorney General's discovery requests, the appellants made a general argument that limited liability companies have a right against self-incrimination under the Fifth Amendment. Based on this argument, the appellants made a blanket assertion of their right against self-incrimination but did not respond to any of the particular interrogatories or document requests with specific objections or answers. Thus, the appellants did not properly invoke the right against self-incrimination on a question-by-question basis. *See Sojic v. Karp*, 2d Dist. Montgomery No. 26664, 2015-Ohio-3692, 41 N.E.3d 888, ¶ 31; *Muehrcke v. Housel*, 8th Dist. Cuyahoga Nos. 85643, 85644, 2005-Ohio-5440, ¶ 20; *Tedeschi v. Grover*, 39 Ohio App.3d 109, 110, 529 N.E.2d 480 (10th Dist. 1988); *In Matter of Zahler*, 11th Dist. Lake No. 94-L-091, 1995 WL 411790, \*3 (June 23, 1995). Further, in so doing, the appellants did not respond in accordance with Civ.R. 33(A)(3) or Civ.R. 34(B)(1). Since the right against self-incrimination was not properly invoked before the trial court, the question of whether a limited liability company can invoke the right of self-incrimination need not be addressed. The appellants' first assignment of error is overruled.

Case No. S-18-001

*Conclusion*

**{¶8}** Having found no error prejudicial to the appellants in the particulars assigned and argued, the judgment of the Sandusky County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**ZIMMERMAN and SHAW, J.J., concur.**

**/hls**

Judges John R. Willamowski, William R. Zimmerman and Stephen R. Shaw, from the Third District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.