[Cite as *In re Guardianship of Bakhtiar*, 2021-Ohio-2629.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

IN RE: GUARDIANSHIP OF FOUROUGH BAKHTIAR

C.A. No. 20CA011680

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No. 2013 GI 00040

DECISION AND JOURNAL ENTRY

Dated: August 2, 2021

SUTTON, Judge.

{¶1} Appellant, Khashayar Saghafi, one of Fourough Bakhtiar's sons, appeals the judgment of the Lorain County Court of Common Pleas, Probate Division. For the reasons that follow, this Court affirms.

I.

**Relevant Background**

{¶2} This appeal arises from an ongoing family dispute regarding the Guardianship of Fourough Bakhtiar ("the Guardianship"). On January 31, 2019, Medhi Saghafi, Mr. Saghafi's late father and Fourough Bakhtiar's ex-husband, filed Case No. CV 19 910437 in the Cuyahoga County Court of Common Pleas ("the Lawsuit") against multiple parties, including Attorney Zachary Simonoff, Fourough Bakhtiar's guardian, Eric Zagrans, Attorney Simonoff's counsel, and Stephen Wolf, Fourough Bakhtiar's counsel. In a claim pursuant to Ohio's Racketeer Influenced and Corrupt Organizations ("RICO") statute, Attorneys Simonoff, Zagrans, and Wolf were alleged to

have, among other things, "used the Guardianship to control and deprive [Medhi Saghafi] of [his] personal property through 'racketeering activity' under the 'Organized Crime Control Act of 1970[.]".  Further, Counts 1 and 2 sought declaratory judgment "to invalidate" the Guardianship and the divorce obtained by Fourough Bakhtiar.

{¶3}    In response to the Lawsuit, Attorney Simonoff filed a motion to engage counsel to defend against these claims at the Guardianship's expense in the Lorain County Court of Common Pleas, Probate Division, which has jurisdiction over the Guardianship.  Attorney Simonoff explained:

> The reason for this Motion is that each Defendant is a professional who provided legal, accounting or other professional services to the Guardianship and that every allegation relates to the Guardianship and the proceedings around it.  Most telling is that Plaintiff Medhi Saghafi asks for a declaratory judgment seeking to void the Guardianship, among other requested relief.
>
> * * *
>
> This Lawsuit is clearly an attempt to harass and punish the [g]uardian and every professional who has acted for the benefit of the Guardianship.
>
> * * *

{¶4}    On February 22, 2019, the trial court authorized Attorney Simonoff to retain counsel at the Guardianship's expense.  In so doing, the trial court reasoned the Lawsuit was a collateral attack on its prior decisions with regard to the Guardianship.  Specifically, the trial court found as follows:

> The [c]ourt finds that all the allegations in the Lawsuit stem from the Guardianship and decisions by this [c]ourt, the Domestic Relations Court for Cuyahoga County, and the Courts of [Appeal] for the Eighth and Ninth Appellate Districts.
>
> The [c]ourt further finds that the Defendants in the Lawsuit are all persons who provided some professional services to the Guardianship and that such services were approved by this [c]ourt.

The [c]ourt further finds that the claim for declaratory judgment in the Lawsuit, seeking among other things to void the Guardianship, makes the action undeniably an attack on the authority of this [c]ourt[.]

[T]he [g]uardian is hereby authorized to engage counsel to defend the Lawsuit and is permitted to extend the defense by his counsel to all Defendants who choose to be jointly represented by the attorney selected by the [g]uardian.

[T]he [g]uardian is permitted to hire such attorney at the Guardianship's expense at the market hourly rate for complex civil litigation in Cuyahoga County, Ohio.

{¶5} On August 21, 2019, Mr. Saghafi filed a motion to have Attorney Simonoff removed as guardian. As a basis for this motion, Mr. Saghafi relied upon the RICO allegations in the Lawsuit. The trial court, in a detailed decision on October 18, 2019, denied Mr. Saghafi's motion to remove Attorney Simonoff as guardian, stating, in relevant part:

* * *

To say this is the most litigated guardianship (or any case) in Lorain County Probate Court history would be an understatement. The [c]ourt has seen a recent flurry of contentious motions, objections, and responses filed. The docket is 148 pages long incorporating approximately 1,200 docket entries and over 6,000 pages of documents. Approximately 100 journal entries have been signed by this [c]ourt in the past 6 [plus] years. As a result of this guardianship and the divorce proceeding, there have been over 30 separate cases filed in Ohio and U.S. Courts[.]

* * *

Despite the extremely contentious nature of these cases, nothing in any of these voluminous filings provide the [c]ourt with any reason to remove [Attorney] Simonoff.

* * *

Zachary Simonoff has faithfully and completely fulfilled his duties as guardian pursuant to R.C. 2111.02(C) [and] Superintendence Rules 66.01-66.09[,] and has upheld the Oath of Guardian that was given to him on July 25, 2014. He has obeyed all orders and rules of this Court pertaining to guardianships. There is absolutely no reason to remove [Attorney] Simonoff as [g]uardian in this case.

* * *

{¶6} On November 8, 2019, just three weeks after the trial court denied Mr. Saghafi's prior motion to have Attorney Simonoff removed as guardian, Mr. Saghafi filed three motions that

are the subject of the present appeal, including: (1) a motion to remove Zachary Simonoff as guardian and disqualify Eric Zagrans as Counsel for Zachary Simonoff and Stephen Wolf as counsel for Fourough Bakhtiar for personal conflict of interest; (2) a motion to compel the guardian to disclose the financial institutions at which the Guardianship funds have been deposited; and (3) a motion for the guardian to show cause and justify payments for legal fees in the amount of $127,730.17 to Tucker Ellis.

{¶7} In a twenty-nine-page Judgment Entry, journalized on August 28, 2020, the trial court presented an extensive and detailed history of this contentious litigation. Further, in denying Mr. Saghafi's motions, the trial court stated:

> [T]here is no cause to remove Attorney Simonoff as the [g]uardian in this case. The [m]otions to remove [Attorney] Simonoff are repetitive and only serve to further drain the assets of [Fourough Bakhtiar] by driving up the litigation costs.
>
> On the Motion to Disqualify Eric Zagrans as Counsel for Zachary Simonoff and Stephen Wolf as Counsel for Fourough Bakhtiar for Personal Conflict of Interest [Mr. Saghafi] did not cite to any legal authority allowing the [c]ourt to remove counsel for a party. There has been no showing in this case that Attorneys Zagrans and Wolf cannot adequately represent their respective clients. * * *
>
> [The] Motion to Compel the Guardian to Disclose the Financial Institutions at Which the Guardianship Funds have been Deposited did not cite to any legal authority allowing [] [Mr. Saghafi] to [obtain] the information sought in his Motion. The [c]ourt is also aware that Mehdi [Saghafi] had previously received guardianship bank records through a subpoena in the Cuyahoga County case in October, 2019. Mehdi [Saghafi] promptly filed those documents in the public filing system of the Cuyahoga County Clerk of Courts, which is available to the public online. [Attorney Simonoff] moved to protect the confidential guardianship records. On December 31, 2019, Judge Miday agreed and had the records filed under seal. There is no legal reason or otherwise that [Mr. Saghafi] should have access to guardianship bank records. * * *
>
> [The Motion to Show Cause and Justify Payments for Legal Fees] did not cite to any legal authority allowing [] [Mr. Saghafi] to request [Attorney] Simonoff to further "Show Cause and Justify" the legal fees he incurred as guardian in his defense of the Cuyahoga County case. This is just another case of the duly appointed guardian having to defend an action which is "bleeding the guardianship dry."

{¶8}   Mr. Saghafi now appeals, raising a sole assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

**THE PROBATE COURT ABUSED ITS DISCRETION BY DENYING MULTIPLE MOTIONS FILED BY [MR. SAGHAFI], THE SON AND NEXT OF KIN OF [FOUROUGH BAKHTIAR] WHO IS SUBJECT TO THE GUARDIANSHIP OF FOUROUGH BAKHTIAR INCLUDING THE FOLLOWING: (1) MOTION TO REMOVE ZACHARY SIMONOFF AS GUARDIAN; (2) MOTIONS TO DISQUALIFY ERIC ZAGRANS AS COUNSEL FOR ZACHARY SIMONOFF AND STEPHEN WOLF AS COUNSEL FOR FOUROUGH BAKHTIAR FOR PERSONAL CONFLICTS OF INTEREST; (3) MOTION TO COMPEL THE GUARDIAN TO DISCLOSE THE FINANCIAL INSTITUTIONS AT WHICH THE GUARDIANSHIP FUNDS HAVE BEEN DEPOSITED; AND (4) MOTION TO SHOW CAUSE AND JUSTIFY PAYMENTS FOR LEGAL FEES IN THE AMOUNT OF $127,730.00 TO THE LAW FIRM OF TUCKER ELLIS OF GUARDIANSHIP FUNDS DEPOSITED, AND TO SHOW CAUSE FOR PAYMENT WITH GUARDIAN FUNDS OF FEES TO TUCKER ELLIS, HEREAFTER COLLECTIVELY REFERRED TO AS "APPELLANT MOTIONS[.]"**

{¶9}   In his sole assignment of error, Mr. Saghafi contends the trial court abused its discretion in denying the motion for removal of Attorneys Simonoff, Zagrans, and Wolf because Attorneys Simonoff, Zagrans, and Wolf were using guardianship funds for their own benefit in defending the Lawsuit, and the trial court did not address the issue of conflict.  Mr. Saghafi also argues he is entitled to the guardianship's bank statements as next of kin.  Finally, as to the issue of justifying payments to Tucker Ellis, Mr. Saghafi argues Attorney Simonoff and Tucker Ellis should be compelled to appear and account for the payment of significant legal fees.  We disagree.

**Standard of Review**

{¶10}   We review the trial court's order denying Mr. Saghafi's motions for an abuse of discretion.  An abuse of discretion implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).  "When applying the

abuse-of-discretion standard, an appellate court may not substitute its judgment for that of the trial court." *McPherson v. Goodyear Tire & Rubber Co.*, 146 Ohio App.3d 441, 443 (9th Dist.2001), citing *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

### Motion to Remove Attorney Simonoff and Disqualify Attorneys Zagrans and Wolf

{¶11}  In his motion to remove Attorney Simonoff as guardian and disqualify Attorneys Zagrans and Wolf for personal conflicts of interest, Mr. Saghafi contends "it would be impossible to conclude that [the probate court] would have permitted payment of the legal fees * * * in the amount of $127,730.17 [] to Tucker Ellis, the law firm engaged to represent the RICO Defendants, [Attorneys] Simonoff, Zagrans, and Wolf," because the legal fees did not benefit the Guardianship.

{¶12}  R.C. 2111.50(A)(1) states:

> [a]t all times, the probate court is the superior guardian of wards who are subject to its jurisdiction, and all guardians who are subject to the jurisdiction of the court shall obey all orders of the court that concern their wards or guardianships.

Further, the specific statutory authorization for removal of a guardian is set forth in R.C. 2109.24, stating:

> The court may remove any fiduciary, after giving the fiduciary not less than ten days' notice, for habitual drunkenness, neglect of duty, incompetency, or fraudulent conduct, because the interest of the property, testamentary trust, or estate that the fiduciary is responsible for administering demands it, or for any other cause authorized by law.

{¶13}  Having reviewed the record, the trial court did not abuse its discretion in denying Mr. Saghafi's motion to remove Attorney Simonoff for the payment of legal fees to Tucker Ellis. Indeed, the record clearly indicates Attorney Simonoff sought permission from the trial court to utilize guardianship funds in defense of the Lawsuit, and the trial court approved Attorney Simonoff's request. Hence, in utilizing these funds, Attorney Simonoff merely obeyed a valid order of the superior guardian.

{¶14} Moreover, in this case, "[t]he prerequisite to disqualifying an attorney due to a conflict of interest is the existence of a prior or current attorney-client relationship between the party moving for disqualification and the attorney being sought for disqualification." *Skycasters L.L.C. v. J.W. Didado Elec. Inc.*, 9th Dist. Summit No. 23901, 2008-Ohio-4849, ¶ 18, citing *Witschey v. Medina County Bd. of Comm'rs*, 9th Dist. Medina No. 06CA0009-M, 2006-Ohio-5135, ¶ 32. Indeed, "a stranger to an attorney-client relationship lacks standing to complain of a conflict of interest in that relationship[.]" *State ex rel. Parisi v. Dayton Bar Ass'n Certified Grievance Comm.*, 159 Ohio St.3d 211, 214, 2019-Ohio-5157, ¶ 11. Here, however, the record does not indicate Mr. Saghafi ever had an attorney-client relationship with Attorneys Zagrans or Wolf. Mr. Saghafi is a "stranger" to the attorney-client relationship with Attorneys Zagrans and Wolf and lacks standing to seek their disqualification due to an alleged conflict of interest.

{¶15} Thus, based upon this record, the trial court did not abuse its discretion in denying Mr. Saghafi's motion to remove Attorney Simonoff and disqualify Attorneys Zagrans and Wolf.

**Motion to Compel the Guardian to Disclose the Financial Institutions at which the Guardianship Funds have been Deposited**

{¶16} In his motion to compel, Mr. Saghafi urged the trial court to order Attorney Simonoff to disclose: (1) "the names and addresses of each and every financial institution, bank, savings and loan, investment firm or brokerage facility where [g]uardianship funds have been deposited, held and/or invested[;]" (2) a copy of all statements commencing January 1, 2018, through November 5, 2019; and (3) a sworn affidavit from Attorney Simonoff explaining his reasons for removing and transferring guardianship funds from the Fifth Third bank account. Mr. Saghafi, however, failed to support this motion with any legal authority requiring the trial court to order Attorney Simonoff to disclose confidential financial information and documentation solely because Mr. Saghafi is one of Fourough Bakhtiar's "next of kin."

{¶17} Additionally, although the trial court granted Mr. Saghafi's motion to intervene, the order was very limited in scope, stating:

> Motion to Intervene is granted to allow [Mr. Saghafi] to intervene to visit Fourough [Bakhtiar] under the current visitation order and to obtain documents in this case that are not the confidential financial and medical records of Fourough [Bakhtiar].

As such, the trial court made clear that Mr. Saghafi is not entitled to obtain the confidential financial documents of Fourough Bakhtiar.

{¶18} Thus, based upon this record, the trial court did not abuse its discretion in denying Mr. Saghafi's motion to compel.

### Motion for the Guardian to Show Cause and Justify Payments for Legal Fees in the Amount of $127,730.17 to Tucker Ellis

{¶19} In his motion to show cause and justify payments for legal fees in the amount of $127,730.17 to Tucker Ellis, Mr. Saghafi again ignored the fact that Attorney Simonoff acted in accordance with the trial court's February 22, 2019 Order, which indisputably authorized Attorney Simonoff to use guardianship funds to defend the Lawsuit. Attorney Simonoff, therefore, should not be made to "show cause" or "justify" any of these payments to Mr. Saghafi. Mr. Saghafi's motion defies logic and has no basis in law.

{¶20} Thus, based upon this record, the trial court did not abuse its discretion in denying Mr. Saghafi's motion to show cause.

### III.

{¶21} For the reasons stated above, Mr. Saghafi's sole assignment of error is overruled. The Judgment of the Lorain County Court of Common Pleas, Probate Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETTY SUTTON
FOR THE COURT

CARR, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

CHARLES V. LONGO and GREGORY B. GIPSON, Attorneys at Law, for Appellant.

ERIC H. ZAGRANS, Attorney at Law, for Appellee.